WILLIAM W. W. ARTHUR AND OTHERS *v.* THE ODD FELLOWS' BENEFICIAL ASSOCIATION OF COLUMBUS AND OTHERS.

1. The laws and regulations adopted by a beneficial association incorporated and organized under the supplementary act of April 20, 1872 (69 Ohio L. 82), determine the rights of the members and the association; and a fund raised by the association in pursuance of such laws and regulations, to be paid to the family or heirs of a deceased member, in the manner herein specified, unless otherwise directed by such member in his lifetime, will, on failure of the member to give such direction, be controlled by such laws and regulations.

2. Where, by the laws and regulations of such association, the fund above mentioned is to be paid " to the widow, children, mother, sister, father, or brother of a deceased member, and in the order named, if not otherwise directed by the member previous to his death," the relatives will take the fund in the order named, unless the member in his lifetime executed such power of direction or appointment, thus changing the order of payment, and the will of a member, who died seized of property, real and personal, devising and bequeathing to his children " my estate and property, real, personal, and mixed," without referring to the power, or the subject of it, is not such an execution of the power as will control the fund.

MOTION for leave to file petition in error to reverse the judgment of the District Court of Franklin county

The Odd Fellows' Beneficial Association of Columbus, Ohio, was incorporated and organized under an act supplementary to an act to provide for the creation and regulation of incorporated companies, passed May 1, 1852, passed April 20, 1872, "for the purpose of mutual protection and relief of its members, *and for the payment of stipulated sums of money to the families or heirs of deceased members of the association.*"

In the certificate of incorporation it is declared: " That the business of said association shall be carried on in the manner provided by such rules and regulations, not inconsistent with the laws of the state, as may from time to time be adopted by a vote of two-thirds of the members of the association present at the annual meeting of the association."

" Laws and regulations " for the government of the association were duly adopted, among other things providing that the association shall consist of classes A, B, C, and D, and that the maximum benefits in either class shall be $1,000, plus the amount of assessments that may have been paid by a member during his life; which sums were to be raised by designated assessments on the survivors, on the death of a member. Section 21 of these regulations provides as follows : " Upon the death of a member of this association who is entitled to benefits, the president and secretary shall draw an order on the treasurer, payable out of the beneficial fund, for a sum representing one dollar for each and every member of the class of which the deceased was a member, not exceeding one thousand dollars; and also an order on the treasurer, payable out of the expense account, for a sum equal to the amount paid by the deceased to the beneficial fund, payable to the widow, children, mother, sister, father, or brother of such deceased member, *and in the order named, if not otherwise directed by the member previous to his death.* If such deceased member shall leave neither of the above-named relations, nor any direction for the payment of the benefits, then the board of trustees shall pay all the expenses of the burial of the deceased member, provided there shall be sufficient for that purpose; and the balance, if any, of the above appropriation, after paying such expenses, shall be paid to the lodge of which the deceased was a member, to be placed in the widows and orphans' fund of said lodge."

William Arthur was a member of the association in good standing. On the 10th of October, 1873, he executed his last will and testament, which contains the following clause : " I give, bequeath, and devise my estate and property, real, personal, and mixed, to my three minor children, namely, William Watkins Wynne Arthur, David Edward Arthur, and Richard Travener Arthur, to be divided equally among them, share and share alike."

At the date of the will the testator was a widower, but

six days thereafter he intermarried with the principal defendant herein, Ann Arthur, now his widow.

On the 24th January, 1874, the testator died, and his will was duly admitted to probate and record.

The association, of which the testator was a member, is the custodian of a fund, amounting to over $1,000, which it is ready and willing to pay to the party entitled to it.

The children of the testator named in the will, who sue by their guardian, claim the fund by virtue of the clause of the will above quoted.

The widow, Ann Arthur, claims it by virtue of the 21st section of the laws and regulations above quoted.

The court of common pleas found that the widow was entitled to the fund, and decreed accordingly. On error, the judgment of the court of common pleas was affirmed by the district court. To obtain a reversal of these judgments, the plaintiffs now move for leave to file a petition in error.

*Converse, Woodbury & Booth,* for the motion, claimed that by his will the testator disposed of the " benefits " from the said association; and upon the construction of wills and the meaning of the words " estate " and " property," when used in wills, referred to the following authorities: *Andrews* v. *Brumfield,* 32 Miss. 107; *Morris* v. *Henderson,* 37 Miss. 492; 2 Jones Eq. (N. C.) 75; O'Harra on the Construction of Wills, 61; Redfield on Wills, 168; Walker Am. L. 352; 2 Kent Com. 340; *Phillips* v. *Eastwood,* 1 L. & G. Ch. 270; and that a certificate of membership in the O. F. B. Association was the same species of property as a life insurance policy. Bliss on Life Ins. 374, 506; 23 Wis. 112.

*J. Wm. Baldwin* and *L. English,* contra, argued that to divert the payment of the fund coming from the association from the order named in section 21 of the rules and regulations of the association, there must be an *express* direction by the member for that purpose. That this power to direct the payment of the fund was all the interest the

member has in the fund, and on the execution of such power, referred to 4 Kent Com. 329, 334, 335; Sugden on Powers, 282; *Blaggs* v. *Miles,* 1 Story C. C. 426, 445; 1 Jamison on Wills, 548, 549, 55, and cases there cited.

That this power *could* be declared by will we admit, but not by one which simply purports to transmit by genera. devise or bequest, and which in no manner refers specifi- cally to this fund, or manifests by a word that the testator had a thought of it in his mind at the making of the in- strument.

GILMORE, J.   If the will of the testator controls the fund in question at all, it must do so either because it bequeaths to the plaintiffs property belonging to the testator, or be- cause it constitutes an execution in their favor of the power of direction or appointment given to the testator by one of the provisions of the 21st section of the laws and regula- tions of the association.

These laws and regulations determine the rights of the members and the association, and may be enforced by the parties or beneficiaries according to their respective rights, as therein provided.

The contract which the testator, as a member, made with the association respecting the fund in question, was not made in his own behalf, or for his personal benefit, but for the benefit of his family or heirs after his death.   In no event could the fund have become the property of the tes- tator, nor could it in any event have been claimed by his executor or administrator as assets belonging to his estate; for by the terms of the 21st section of the laws and regula- tions of the association, if the testator had left neither of the relatives named in the section, the residue of the fund, after the payment of the funeral expenses, was to be paid to the lodge of which he was a member, to be placed in the widows and orphans' fund.   This being the case, the will of the testator devising and bequeathing to his children "my estate and property, real, personal, and mixed," did not affect the fund in question, or pass the same to his chil-

dren as a bequest of property; for, as has been said, the fund was not the testator's property in any sense of the term.

But by the provisions of the 21st section of the laws and regulations, the fund in question, on the decease of the testator, was to be paid to his "widow, children, mother, sister, father, or brother, *and in the order named*, if not otherwise directed by him previous to his death." While the purpose to which the fund was to be applied, in the absence of directions to the contrary, is here clearly expressed, the testator was impliedly clothed with the power to change the order in which the relatives named should take the fund, by a proper direction or appointment.

Can the language of the will, devising to his children "my estate and property, real, personal, and mixed," be regarded as the execution of this power of direction or appointment?

We think not. When the mode in which a power is to be executed is not defined, it may be executed by deed or will, or simply by writing; but every instrument executing a power should mention the estate or interest disposed of, and it is best, but not indispensable in all cases, to declare it to be made in the exercise of the power. "In the case of wills it has been repeatedly declared, and is now the set· tled rule, that in respect to the execution of a power there must be a reference to the subject of it, or to the power itself, unless it be a case in which the will would be inoperative without the aid of the power, and the intention to execute the power became clear and manifest." 4 Kent, 334.

" If the will be made without any reference to the power, it operates as an appointment under the power, provided it can not have operation without the power. The intent must be so clear that no other reasonable intent can be imputed to the will; and if the will does not refer to a power, or the subject of it, and if the words of a will may be sat-isfied without supposing an intention to execute the power,

then, unless the intent to execute the power be clearly expressed, it is no execution of it.    Ib. 335.

There is no reference to the power, or the subject of it, in the will before us ; nor is there anything in the case indicating that the will would be inoperative without the aid of the power.    On the contrary, the testator was seized of both real and personal property that passed under the provisions of the will, whereby the words of the will were fully satisfied without supposing an intention to execute the power.    If there was no execution of the power of direction or appointment contained in the 21st section of the laws and regulations of the association, the other provisions of the section control the fund, and give it to the widow of the testator, who is named as the first in order, and therefore the preferred beneficiary.

There is no error in the judgment of the district court.

*Motion overruled.*