Mr. Justice James
delivered the opinion of the court.
The case involves the construction of a will.
It appears by the bill that Anthony Buchly was a member of the Masonic Relief Association, an organization which provided for the payment by its members of $1 each upon the death of a brother member in good standing. Mr. Buchly dying, the sum of 01,652, being the amount due, was paid to the executors of his will, and the question now is, To whom, under the terms of the will, is it payable ?
The testator gives to his sister, in general terms, for her life, all his real and personal estate and property “ of whatsoever kind or character, wherever situated, of which I may " die seized and possessed, with full powers to my said sister to sell,” etc. He further goes on to say that “ The personal property intended to pass to my sister includes all my household furniture, store, stocks, horses, vehicles, moneys, bonds, credits and open accounts on my books, and whatsoever else I may have and possess of personal effects.”
It is contended, on the part of the complainant, that this clause does not include the fund in question, because under a decision of this court (Masonic Mut. Relief Asso. vs. McAuley, 2 Mackey, 70), it is not in the ordinary sense a part of the estate of the testator.
If this clause were all there was of this will, it would be quite true that it would not carry this fund, since it is not in the ordinary sense of those words his property or estate.
The complainant, moreover, contends that there is a direct disposition of the fund in question by a subsequent clause, and that, too, in the manner required by the charter of the Masonic Relief Association.
This subsequent clause is as follows: “ The amount due my heirs or estate, at my death, from the Masonic Mutual Relief Association of the District of Columbia, I give and bequeath to William Peirce Bell, William H. Goods and *410 Joseph Hamacher, trustees, and successors forever, for the use, in trust, of the association known as the St. John’s Mite Association,” etc.
As the first clause of this will, standing alone, contains nothing that sufficiently describes this fund, so, taken by itself, this second clause would seem to constitute a direct legacy of it to the St. J ohn’s Mite Association. But the whole of this will is not contained in these two clauses, and as the whole will must be taken together, we are of opinion that whether this fund is to be considered property or not, so as to pass, under a general clause devising and bequeathing his property, there is nevertheless exhibited, when the entire will is taken together, an intention on the part of the testator to include this fund in what he gives his sister Anna Maria for life.
Thus he goes on to state that this bequest to the St. John’s Mite Association is in addition to another one which is to take effect after the death of Anna Maria Buchly. ' We do not think that the testator could have intended this fund to vest in these trustees at once, if it was to be an addition to another legacy which was not to take effect until after the death of Anna. It would rather seem that this fund was intended by him not to go until the other legacy takes effect, namely, after the death of Anna.
Then there is another clause in which the testator uses this language in reference to the sole legatee for life : £i In the appointment of my sister as one of my executors, she having the life estate in all, I direct that no bond or surety be required of her.”
That would seem to indicate that he intended to leave nothing which she, as executrix, was to pay over during her life. Of course she would have to give a bond in any event, but that does not any the less weaken the fact that the testator’s intention as to this fund is shown by his idea that a bond was not necessary if the executrix was to receive all for life; so that, taking the whole will together, we are clearly of the opinion that the intention of the testator was to give — and that he so understood himself as giving-^-this *411 fund to his sister as a part of his property. It is entirely immaterial whether in point of law he was right in calling it his property, provided he shows that it was his intention to have it pass to his sister under the bequest to her of all his property for life.
We were referred to a case in 29 Ohio St., 557, Arthur vs. Odd Fellows’ Beneficial Asso., in which the court said that such a fund as this would not pass as property; that it would only pass by the exercise of the power of appointment.
But by this we understand that all that is necessary is, that the appointment, viz.: the power of disposing of it by will, shal^be intelligible; that it shall be sufficiently designated to whom the fund is to go. We think the testator done that. The fund goes to his sister, not as property passing by the first clause of his will, but because this will, taken together, indicates the intention of the testator that it is to go to Anna Maria Buchly for life, and after her death to the St. John’s Mite Association*
For these reasons we shall have to reverse the decree below.