Stewart, J.
This is an action commenced by the Odd Fellows’ Beneficial Association of Columbus, 0., to determine the rights of the defendants, Annie M. Diebert and H. S. Showers, as between themselves, to a fund in plaintiff’s hands, due upon a certificate of membership issued to one Geo. M. Diebert.
*463 The petition alleges, that the plaintiff is a corporation duly-incorporated June 29, 1872, for the creation and perpetuation of a fund for the relief of the widows and orphans of its members, in such manner as may be prescribed by its laws; that according to Rule 21 of its laws, upon the death of a member entitled thereto, the amount due on his certificate is payable to the widow, children, mother, sister, father, or brother of such deceased member, and in the order named, if not otherwise directed by the member previous to his death; that it was originally organized as an unincorporated company in the year 1868, but was governed from the start by the foregoing laws. On Nov. 27,1870, one George M. Diebert became a member of class “A” in said association, and continued a member in good standing until his death, February 9,1886; that at his death he left a widow, the defendant Annie M. Diebert.
The foregoing allegations of the petition are not controverted by the pleadings or proof in thé case.
The petition proceeds by alleging that the widow of said George M. Diebert is entitled to the amount due on the certificate, as she is first in order of the beneficiaries entitled thereto, and the member left no directions for the payment to the beneficiaries in any other order than that established by Rule 21 of the laws of the association; that after his death, to-wit, on March 27, 1886, an endorsement was- made on the certificate assigning the same by said Annie M. Diebert to the defendant H. S. Showers, but that immediately after making said assignment, said Annie M. Diebert notified the plaintiff that the assignment had been improperly obtained from her by H. S. Showers, and that she claimed the money.
It also avers, that H. S. Showers presented the certificate so assigned to him, and demanded payment; that plaintiff has notified both defendants of its readiness and willingness to pay the money to the one entitled thereto, but as the defendants cannot adjust their differences, it- brings the money ($1157.00) into court, and asks that they be required to inter-plead, and that the court direct the money to be paid to the proper party.
The defendant Annie M. Diebert filed an answer, setting forth, in substance, that she is the widow of George Diebert, *464 and as such entitled to this fund, and that her assignment upon the certificate was obtained by fraud and fraudulent representations on the part of the defendant Showers, and without consideration, and prays that said assignment may be annulled and the money awarded to her.
The answer of the defendant H. S. Showers denies all allegations of fraud or fraudulent conduct on his part, or that said assignment was without consideration, and further avers, that prior to July 7, 1880, he had loaned various sums of money to said George Diebert, to enable him to pay his assessments on said certificate and for other purposes; that on that date, at the request of said Diebert, he loaned to him such an amount as made in the aggregate $400, under an agreement, that to secure it, Diebert would assign and transfer to him his certificate of membership in plaintiff's association; that Showers should keep up the assessments, and at Diebert’s death receive ail the money due thereon. That Diebert and Showers, believing that Diebert had the legal right to transfer the certificate to Showers and thus give him all his rights, carried out this agreemeent ’in good faith, Diebert assigning the certificate, and Showers paying the amount then agreed to be loaned, and from that time on keeping up the assessments thereon. The answer further avers, that Diebert’s first wife died in 1883, and he was married to the defendant Annie M. Diebert in 1885; that Diebert died in the state of Kansas, leaving real property of which said Annie M. Diebert inherited one-half; but left no estate in Ohio; that after Diebert’s death, at the request of the plaintiff, he procured an assignment from the widow to himself, upon a full consideration, and with knowledge on her part of all the faots, and concludes with a prayer that the money be awarded to him.
The plaintiff replied denying that the assignment from the widow was procured at its request, and denying the power of Diebert to make a valid assignment to the defendant Showers.
The defendant Annie M. Diebert also filed a reply, denying all allegations in the answer of Showers as to loans, agreements and assignments, and.also denying that Diebert had the power to make any assignment to Showers.
*465 Upon these issues the case was tried, the only testimony being the deposition of Annie M. Diebert, and the oral testimony of H. S. Showers.
This plaintiff was incorporated under the law of April 20, 1872, (69 v. 82) Rev. Stats. 3630, and the only purpose for which it could have been formed, was “ for the purpose of mutual protection and relief of its. members, and for the payment of stipulated sums of money to the families or heirs of the deceased members of such association.” Such has from their inception been the only lawful object for which mutual protection associations might be formed, and it was never the policy of our law that the association itself could permit the payment of benefits to those who were not heirs or members of the families of deceased members. It is settled by numerous authorities that such an association has no power to issue certificates of membership, payable upon the death of an insured member, to a person not an heir or of-the family of a deceased member. The State v. The Central Ohio Mutual Relief Association, 29 Ohio St. 399: The State v. Peoples Mutual Benefit Association, 42 Ohio St. 579. To carry out this object, this association made rules, and among them Rule 21 referred to in the petition, which provides that upon the death of a member entitled thereto, the amount due on his certificate is payable to the widow, children, mother, sister, father or brother of such deceased member, and in the order named, if not otherwise directed by the member previous to death.
If the company itself could not do so, it could not authorize a member to do so, and the words “otherwise directed” in Rule 21, must be read in the light of the law and the decisions, and cannot be held to permit a member to assign his certificate to any person not named as a beneficiary by the rules of the association. Arthur v. Odd Fellows’ Beneficial Association, 29 Ohio St. 557; National Mutual Aid Association v. Gonser, 43 Ohio St. 1.
Indeed it seems that the-words referred to only mean that a member may designate who, of the beneficiaries named in Rule 21 shall receive the amount of his certificate, and if he does so, the amount will be so paid in disregard of the order of payment provided in Rule 21.
*466 It is admitted that Showers is not an heir, nor of the family of Diebert, and if members of such an association disregard or ignore its rules, such acts are not binding upon the association.
Indeed, it is not seriously claimed, neither could it be, that the assignment from Diebert to Showers was valid; but it is urged that as Diebert and Showers believed that the certificate could be assigned, that some effect should be given to it, and it ought not to be treated as utterly void. The practice or opinion of the association itself as to the meaning of the words used in this rule, could have no binding effect upon the court (Wiggins v. Knights of Pythias, 31 Federal Reporter, 122), much less could the belief of a member of the association.
The assignment from Diebert being thus shown to be void, if Showers is entitled to hold this certificate or the fund due thereon, it must be by virtue of the assignment from Mrs. Diebert.
She avers that it was procured by fraud, and was without consideration. Upon her falls the burden of proof of these allegations; neither of them will be presumed, but must be established by proof as any other fact.
The pro'of shows that as soon as Diebert died and proof of his death was made, Showers presented his certificate to the plaintiff and demanded payment. He was then informed that Diebert’s assignment conveyed no title; but if he wanted the money, he must procure an assignment of the certificate from Mrs. Diebert, to whom the money was payable, as her her receipt alone would be accepted by the association. He went at once to her home in Kansas, told her of the assignment to him of the certificate by her husband, showed her his signature, told her why it had been assigned, and that the company would not pay it to him without her signature. It may be that he told her it was a mere form, for that seemed to be his belief as he came to her to obtain her signature, because the association informed him he must do so, and not because he believed there was any real necessity for it. He did not give or offer to give her anything in payment for her assignment to him. Although Mrs. Diébert claims that he deceived her and intended to do so, we think she has failed in *467 stablishing this claim. It is however very clear, that he Obtained from her an assignment of a valid claim for $1000 due to her without any consideration, and for that reason this assignment from Mrs. Diebert will be set aside.
J. T. Holmes, for plaintiff.
Florizel Smith, for Annie M. Diebert.
Geo. Spence and Earnhart, Hunter & Butler, for H. S. Showers.
As Showers is not entitled to all of this fund, we must determine now whether any portion of it, and if so, how much should be paid to him. He cannot claim out of this fund the $400 which he loaned to Diebert prior to the assignment of the certificate to him. Pie loaned this money upon the credit of Diebert, and although at the last it was agreed ■that the certificate should be assigned to him, that was Diebert’s proposition, and Showers expressed himself as not wishing to be bothered with the certificate.
As a creditor of Diebert, he can have no claim upon this fund, for it is no part of the estate of Diebert. Arthur v. Odd Fellows’ Beneficial Association, supra. After the assignment of the certificate to him, Showers paid the assessments thereon in good faith, relying upon the validity of the assignment to him. By so doing he preserved the fund, as it turns out, for the benefit of the defendant Mrs. Diebert, and while by virtue of his contract of assignment he is not entitled to anything, yet where he has in good faith contributed to the preservation of a fund, which is in the hands of a court of equity for distribution, it would be inequitable not to refund to him the payments so made.
A decree may therefore be entered, setting aside the assignment from Mrs. Diebert, and ordering the clerk to pay out of this fund:
First. — The costs.
Second. — To H. S. Showers the assessments paid by him since the assignment of the certificate to him by George Diebert, with interest on the several payments from the date of payment. • ■
Third. — The balance to the widow Annie M. Diebert.