Smyser, J.
The case of Travice Vance et al. v. Margaret Park was-heard to the court upon testimony. The controversy arises solely over a fund of a thousand dollars. The plaintiffs-filed a petition in which they say that they are the heirs at law of Asa Park, deceased, and said defendant is his widow. He died on the 5th of November, 1894. At the time of' his death, and on the 13th day of June, 1894, he was the holder and owner of a life insurance policy in the Odd' Fellows’ Beneficial Association of Columbus, Ohio; which, at the first mentioned time, was worth the sum of a thous- and dollars. That on the said 13th day of June, 1894, said Asa Park made and executed his last will and testament. That at the time of making said will, the defendant was present with said decedent, and then promised and agreed with him that if he would name her in his will as-his sole-beneficiary, she would collect from the said associa tion the amount due, or to become due upon said policy, and, in the event of the recovery of the same, she would immediatey pay the same to said heirs in the manner following: one-fifth thereof to Mary Wells; one-fifth to Rachel *714 .Brown; one-fifth to Ella Dumbauld, Laura Boss, Mary Doist, George Vance, Travis Vance, Eliza Vance and Elsie Vance, who are children of Eliza Vance, deceased; one-fifth to the children of Thos. 0, Park, and one-fifth to the •children of Lucy Smith. That thereupon the said Asa Park, on the said 13th day of June, 1894, in his said will named the said defendant as his sole beneficiary. That she has received this money, and refuses to pay it over. The prayer of the petition is that the money be declared to be a trust fund in her hands; that she be charged as a trustee, and •directed to make payment as set out in the petition.
An answer is filed, setting out a copy of the will, making various admissions, and then a general denial. There are two defenses set up, which are substantially one, and that is, that she did not receive this money as administrate; •that she received it as widow, and that, as widow, she is entitled to the money according to the rules and regulations of ■the association, which became bound to pay in the event of death; and denies any trust in the matter.
The will is attached to the answer, and was offered in •evidence: ‘‘I give and devise to my beloved wife, Margaret Park, all my property of every description, to be held by •her absolutely in her own right.”
The laws and regulations of the association were also offered, and I read from page 14:
“Sec. 20: And the president and secretary, on the ■death of a member of the association who is entitled to benefits, shall draw an order on the treasurer for the amount due, payable to the following persons and no others, as beneficiaries, and in the order named: (1) widow, (2) children, (3) mother, 4) sister, (5) father, (6) brother, or •(7) grandchildren of such deceased member, unless that •order of persons be changed by direction of said member.”
It is contended here that there was a change in the order -of persons to whom payment should be made of this fund, *715 by the testator. It is apparent that it is not by the terms of his will,and it is probably not necessáry to decide the question here as to whether or not the fund provided for,and the-order stipulated in sec. 20, to which I have called attention, can, or cannot, be changed by will. The 29 Ohio St., 557, would indicate that such change cannot be made, but. the order has probably amended its rules by reason of that decision. Prior to the amendment and revision of their rules, which took place in 1884 or 1894, I don’t remember which, (but it was after this certificate was issued), it read: “Unless that order of persons be changed by direction of said member in his life-time.” These words are omitted.
We have heard the evidence. There are only two witnesses — Mr. Stasel, who drafted the will, on the one hand,, and Mrs. Park, the defendant, on the other. As I say, it is quite apparent that if there is to be a trust arising in this case, it must be by virtue of parol testimony, fixing the status of this fund. It is not apparent from this will; in -fact, the will precludes the notion of any trust arising. The fund is by the will given to her absolutely,if it is a part of his estate. If this fund is a part of Park’s estate, by the terms of the-will it goes to the widow absolutely. If not a part of his estate, it would go to her under section 20 that I have read.
Mr. Stasel was sent for by Park; he goes out to see Mr. Park; talks the matter over with him, and something is said about this fund. The old gentleman said to him that “I would like to have that go to my grandchildren.” Mr. Stasel very prudently inquired something about the grandchildren. He ascertained from him the fact that many of them were minors; they were numerous; living in various-parts.of the country; some in Ohio, Illinois, and scattered, Mr. Stasel says he cannot remember just exactly where, but all over the country. Owing to the fact of their being so *716 •situated, and many of them minors, he said to the testator that it was inexpedient to devise or bequeath this fund to :these grandchildren, for the reason that the whole fund, in many instances, would be consumed by the appointment of a guardian. Thereupon, Mr. Stasel suggested to him: “Why not give it to your wife, and let her make distribution?” And he says that Mr. Park said to him: “I will be ■satisfied with that.” And Mr. Stasel bays that Mrs.Park was interrogated and asked if she would be satisfied,and she said she would; and that thereupon the will was so written. Now, Mrs. Park denies this. She says that she was in and out; that there was some talk about giving this to the grandchildren, but how it was finally concluded, she didn’t know; ¡•and the court itself put the question to her: “Did you understand when that will was written that you were taking this fund for the grandchildren?” And she said, most emphatically, that she did not so understand it. That is the situation ■of the oral proof.
The rule is that, in'order to engraft a trust by parol upon • a written instrument, the proof should be clear, convincing and conclusive. It could be done in this instance just the ¡same as if it were a deed; and we think the same rule is applied here as is laid down in the 46 Ohio St., 102, Mannix v. Bishop Purcell et al.: “It is competent to prove by parol evidence that land conveyed to a grantee by a deed ab•soluteon its face, is in fact held by him in trust for charitable uses, but such evidence should be clear, convincing and conclusive.” So, we think it would be competent here to show by parol that this lady took this fund, not as widow; that the direction had been changed, and that she held it in trust for these grandchildren. But, there are some other rules that must be applied. By this authority: “such evidence should be clear,convincing and conclusive.” I will not stop ito call attention to the 16 Ohio St,,and the other authorities *717 that the court called attention, to as to when the trust will arise.
From this evidence, although we think Mr. Stasel is telling just exactly what he remembers about it, we think this lady is honest in her denial.. From this proof we cannot find that any trust arises against her.
The proof must be “clear, convincing and conclusive.” The will itself is very cogent evidence against the claim made here. A word from the draftsman, if such was the intention of the testator, could have put that question beyond controversy. But, the will gives her the property absolutely. The rules of the order stipulate that it shall go to. the widow first, In my judgment,there is a total failure of proof. There is not even a variance. The claim of counsel in this petition and on the proof is that a trust was to arise in favor of the grandchildren. Mr. Stasel says that no names were given, but the grandchildren as a whole, or as a class were used. The petition says: “one-fifth thereof to go to Mary Wells”. I don’t know whether she is a daughter or not. I suppose she is. “One-fifth to Rachel Brown”; and then sets out the children of Eliza Vance, deceased. From all that appears in the evidence, we do not know whether these are children or grandchildren. If they are children,there is a total failure of proof in this case, because there was not a word passed between the testator and the draftsman that this fund was to go to any of his children. The only persons talked of were the grandchildren. There wasn’t’anything passed between Mr. Stasel and the testator that it should be divided according to the number of the children he had. It was to go to the grandchildren as a class; and the averment here is that it was to go one-fifth to Mary Wells, and so on. No such talk was had.
In view of all the facts, we are quite clear that there was no trust arising in this matter; that this woman, as widow, is entitled to this fund; and the decree will be so entered.