The Supreme Council of the Catholic Mutual Benefit Association v. Mary Priest et al.

*Mutual benefit association—Bequest of beneficiary fund—Costs.*

The rules of a regularly incorporated mutual benefit association provided that on the death of a member his share of the beneficiary fund should be paid to the persons named by him on the will book, and that if he named no one it should be divided equally among his family. The rules did not assume to take away the right to change the disposition of the fund. *Held*, where a member made a will after entering an order on the will book, that the will should be followed.

A beneficiary fund payable on the death of a member of an association to persons named by him, is not to be treated as part of his estate, subject to his debts, and does not go to the administrator, but should be paid directly to the beneficiaries or to their guardians.

Costs were not granted as against the minor heirs where a decree disposing of a beneficiary fund was altered in favor of the widow who appealed.

Appeal from the Superior Court of Detroit.   Submitted June 22.   Decided June 29.

Bill of interpleader filed to determine the right to a fund of $2000, being the amount due from the complainant association upon the death of John Priest, a member thereof. The complainant is a corporation existing under the laws of New York, and its rules provide that on the death of a member in good standing a beneficiary fund shall be paid " to the person or persons as named by the deceased and entered by his order on the Will Book." Priest directed that $100 should be given to his daughter Mary and $1900 to his wife, but reserved the right of changing beneficiaries or amounts or annulling them and appointing others in their stead or of entirely annulling the will and naming no beneficiary. He afterwards made an ordinary will revoking his former action and declaring that after his debts were paid he bequeathed to his wife out of the beneficiary fund the sum of $500 and divided the rest equally among his five children. The trial court held that the will operated as a revocation of the previous distribution, but that as it was not itself made in accordance with the rules of the association the fund must be distributed as if no order had been entered in the Will Book, and decreed that it should be divided equally between the family. The widow appealed. Decree modified.

*James T. Keena* and *Brennan & Donnelly* for complainant.   A will may operate to revoke a former will though otherwise inoperative: *Scott v. Fink* 45 Mich. 241; a beneficiary fund is not assets which will go to an administrator: *Ballou v. Gile* 50 Wis. 614.

*Otto Kirchner* for appellant.

Marston, C. J.   The record in this case is not as full, clear and distinct in some respects as we could wish it to be.   We are unable to find anything in the act under which the complainant company was organized, or in the rules

appearing in the record, which would take away from John Priest the right and power of disposing of this fund by last will and testament in the ordinary manner.   While section 9 of the rules and regulations of the complainant provides that the fund on the death of a member shall be paid to the person or persons last named by the deceased, and entered by his order on the Will Book of the company, yet this does not, nor did the will as entered upon the complainant's books, attempt to deprive Mr. Priest of the right to make some subsequent disposition of the fund differing from that therein made.   Indeed in the will made upon the complainant's books, full right was reserved to make a different disposition thereof.   This was done by the second will, which does not, in our opinion, violate rule 9 of the complainant, and if it did we might not be prepared to hold the testator's disposition invalid because thereof.   Very clear and binding provisions must be shown to deprive a person of the right given him by the laws of the land to dispose of such a fund by his last will.

In our opinion the provisions of this second will, in so far as it names the persons and the amount to which each shall be entitled, must govern.   This being a beneficiary fund, does not become a part of the property or estate of the deceased subject to his debts, but is exempt therefrom in accordance with the provisions of the act of incorporation.   It does not therefore go to the administratrix of the estate, but should be paid direct to the beneficiaries named, if of age, and if not, then to their legal guardians.   The decree will be modified, so as to give Mary Priest, the appellant, the sum of five hundred dollars, and in all other respects the decree shall stand confirmed, and a decree to this effect, and directing the payment of the minor children's shares to their lawful guardians, will be entered in this court.   This is not a case where costs should be allowed against the children and none will be.

The other Justices concurred.