33  268
184a 428

33h    263
174 NY 409

GEORGE G. BOWN, AS TEMPORARY ADMINISTRATOR, ETC., OF EDMUND FITZPATRICK, DECEASED, RESPONDENT, v. THE SUPREME COUNCIL OF THE CATHOLIC MUTUAL BENEFIT ASSOCIATION AND OTHERS, APPELLANTS.

*Benevolent association — right thereof to designate the persons to whom the interest of a deceased member shall go.*

The plaintiff's testator was a member of the defendant association, and as such was at the time of his death entitled to a beneficiary fund therein to the amount of $2,000. The charter of the defendant provided that the beneficiary fund should "be paid over to the families, heirs or representatives of deceased members, or to such person or persons as such deceased members may while living have directed." Authority was also given to regulate such payments by by-law. One of the by-laws directed the fund to be paid to the person or persons last named by the deceased and entered by his order on the "will book." The deceased had an entry made in the will book directing the fund to be paid to his brother Patrick. Thereafter he made a will by which he gave and devised his interest in the said fund, after the payment of his just debts and funeral expenses, to the same brother Patrick. The plain-

tiff, to whom letters of administration with the will annexed had been issued, sought to recover the fund in this action.

*Held,* that the action could not be maintained; that the brother Patrick was entitled to receive the fund, and that as he took it directly from the defendant it was not subject to the payment of the decedent's debts.

APPEAL from a judgment in the plaintiff's favor, entered upon the report of a referee.

At the time of his death, the decedent was a member in good standing of the defendant corporation, a beneficiary association organized under and in pursuance of chapter 496 of the Laws of 1879. By the terms of the charter and by-laws of the association, upon the death of a member his family, or heirs or representatives, or such persons as he should designate, was to be paid the sum of $2,000. After his death this fund was created and held by the officers of the corporation, ready to be paid over to the persons entitled thereto. The deceased, at the time of his death, was a resident of the State of Michigan and owed considerable sums of money, and left a last will and testament, which was duly admitted to probate under the laws of that State. Thereafter this plaintiff was appointed administrator by the surrogate of Niagara county, and letters ancillary were issued to him. The plaintiff claims to recover this fund in his representative capacity. The defendant admits that the fund has been created and is in the hands of its officers, but denies that the plaintiff, in his representative capacity, has any claim thereto.

By one of the provisions of the charter the corporation is authorized to create, hold, manage and disburse a beneficiary fund which may be set apart to be paid over to the family, heirs or representatives of deceased members, or to such person or persons as such deceased members may while living have directed, and it is provided that the collecting, management and disbursement of the same, as well as the person or persons to whom, and the manner and time in which, the same shall be paid on the death of a member, shall be regulated and controlled by the constitution, by-laws, rules and regulations of the corporation; and such beneficiary fund so created shall be exempt from execution and shall not be liable to be seized, taken or appropriated by any legal or equitable process to paying debts of said deceased member.

There was no controversy over the essential and controlling facts

in the case. None of the defendants named in the summons, except. the corporation, were sued or have appeared in the action. The judgment was for a recovery of the $2,000, the amount of the beneficiary fund, with interest thereon and costs of action.

*D. C. Feeley*, for the appellants.

*Rowley & Johnston*, for the respondent.

BARKER, J.:

The defendant corporation owed no debt to the testator at the time of his death, nor did it promise at any time to pay the beneficiary fund on his death to his personal representatives so that it would become part of his estate. The charter and by-laws of the defendant constitute the terms of an executory contract to which the testator assented when he became a member of the society. If the plaintiff has a right of action it must be found in some promise or covenant on the part of the defendant contained in its charter or by-laws. (*Hellenberg* v. *Independent Order of B'nai Berith*, decided in the Court of Appeals, an abstract of which is given in the N. Y. Weekly Dig. [vol. 18], 421; *The Maryland Mutual Benevolent Society, etc.*, v. *Clendinen*, 44 Md., 429; *Arthur* v. *The Odd Fellows' Beneficial Association*, 29 Ohio, 557.)

The charter and by-laws determine the rights of the members of the corporation, and the same may be enforced by the parties or beneficiaries according to their respective rights.

The beneficiary fund which the corporation was authorized to create and distribute was mainly derived by an assessment upon the living members. By the seventh section of the act of incorporation it is expressly provided, that this sum shall be paid over to the family, heirs or representatives of deceased members, or to such person or persons, as they may while living have designated. It in no event is to become a part of the personal estate of the deceased. The contract so far as this event is concerned was not made in his own behalf or for his benefit, but for the benefit and support of his family or such individuals as he might name. It could not be claimed by his administrator or executor as an asset belonging to his estate; nor made liable for the payment of his debts. It was no part of the purpose or scheme of the corporation to benefit the

estate of the member while living or to increase it after death.    The beneficiary might take the fund, and if the member omitted to exercise the privilege of naming one, then it would go to the class of persons mentioned in the ninth clause of the charter, in equal proportions. The corporation contracted with no one else.    This was expressly decided in the case of this defendant against Mary Priest (46 Mich., 429).    The court remarked : " This being a beneficiary. fund does not become a part of the property or estate of the deceased subject to his debts, but is exempt therefrom in accordance with the provisions of the act of incorporation.    It does not therefore go to the administratrix of the estate, but should be paid direct to the beneficiaries named."

By one of the by-laws it is provided, " the beneficiary fund on the death of a member in good standing shall be paid to the person or persons last named by the deceased and entered by his order on the "will book," by the secretary, which book shall always be in the custody of the recording secretary.    At least one witness besides the secretary shall be witness to the entry."

The deceased in writing and in due form, and in full compliance with the by-laws, did make an order, that, upon his death, the whole of the beneficiary money should be paid to his brother Patrick Fitzpatrick, and the same was in a proper manner entered in the will book and properly attested.    Afterwards the testator made and published his last will and testament, the only devising clause therein being as follows : " After payment of my just debts and funeral expenses I give, devise and bequeath to my brother Patrick Fitzpatrick, all my interest in the Catholic Benefit Association, amounting to two thousand dollars, to have for his own use and benefit forever." This is the instrument annexed to the letters of administration granted to the plaintiff as the last will and testament of the testator.

It is conceded that Patrick Fitzpatrick, named in each of these instruments, is the same person.

As the appointment first made and registered in the will book was in all respects regular, it is admitted by the plaintiff, that if the same was in full force and effect at the time of the death of the decedent, then by force of the terms of the charter and the by-laws, the beneficiary fund passed on his death to the appointee, Patrick Fitzpatrick.

It is argued by the learned counsel for the respondent that the first appointment entered in the will book was revoked, and the one contained in the will is in force, and the fund is subject to the provision providing for the payment of the debts of the testator. In terms it is not a revocation, nor can it be fairly inferred that such was the intention of the testator, but on the contrary, he names the same individual as the beneficiary of the fund, over which he had the power of appointment. He did attempt to make the endow ment, subject to the payment of his debts, but that he had no power to do, as has been already stated.

As the plaintiff's complaint should have been dismissed upon the merits, we express no opinion upon the question of the validity and regularity of his appointment.

Judgment reversed, new trial granted, with costs to abide the event.

SMITH, P. J., and HARDIN, J., concurred.

Judgment reversed, and new trial ordered, before another referee, costs to abide event.