MATHILDA KAISER, Respondent, *against* ISIDOR KAISER, Appellant.

(Decided June 7th, 1886).

The constitution and by-laws of a benefit association, among the objects of which was the payment of a fund to designated beneficiaries of deceased members, merely required that such beneficiaries should be designated, without prescribing any form of designation or requiring that the designation should be made in any particular way or at any particular time; and provided for cases where no designation had been made. One of its members, at the time of applying to become a member, designated as the beneficiaries to whom the fund in his case was to be paid after death, "my leagal heiros." At his death he left a will, which was duly admitted to probate, and by which he bequeathed to his wife, to whom he had been married before he became a member of the association, all his personal property, including all benefits which should become due and payable from the association, and designated her to be the person to whom the money and benefits accruing from the association upon his death should be paid, and appointed her sole executrix. He left surviving him his wife, but no children, and no near relative by blood, except a brother who was living in Europe and with whom he appeared to have had but little intercourse. *Held,* that by the phrase "leagal heiros" he intended to designate his wife and children, if he should leave any; and that the wife was entitled to the fund.

APPEAL from a judgment of the General Term of the City Court of New York reversing a judgment of that court entered upon the decision of the judge upon a trial by the court without a jury.

The facts are stated in the opinion.

*John Brooks Leavitt*, for appellant.

*Henry F. Lippold*, for respondent.

BOOKSTAVER, J.—This action was originally brought by the plaintiff against the Mutual Relief Association of the City of New York, to recover a benefit fund of $994.15 payable by said association under its constitution upon the death of a member, and the defendant was interpleaded as a rival claimant.

The plaintiff is the widow of Solomon W. Kaiser, deceased. He left no children, father, mother, brother or sister, him surviving, except the brother who was made defendant in this action by interpleader.

The plaintiff was married to the deceased in 1869. In February, 1882, he became a member of the Mutual Relief Association, the objects of which, as far as material to this case, were to pay a fund to the designated beneficiaries of its deceased members.

At the time he made application to become a member of the association, he designated as the beneficiaries to whom the fund, in his case, was to be paid after death, " my leagal heiros."

He died on the 28th of September, 1884, leaving a last will and testament, dated the 26th of January, 1884, which was duly admitted to probate as a will of personal estate by the Surrogate of the County of New York, that being the proper county.

By said will deceased bequeathed all of his personal property to his wife (the plaintiff), including all benefits which should become due and payable from the before mentioned association, and the will, among other things, contained the following : " I do hereby designate my said wife to be the person to whom the money and benefits accruing from the said Mutual Relief Association of New York upon my death shall be paid." The deceased, by his will, appointed his wife sole executrix thereof.

From the testimony, it appears he left no property what-

ever, and no other provisions for his widow than the above. His brother, at the time he became a member of the association, lived in Europe, and as far as appears from the case, never lived in this country.

The plaintiff claims the fund as the " designated beneficiary " of her husband, having been so designated by his will.

The defendant claims it as the sole legal heir of his brother, under the term " my leagal heiros," used in the brother's designation made in his application for membership of the association.

The learned justice at trial term was undoubtedly right in the meaning he attached to the phrase " legal heirs " as used among those learned in the law, and in fact, as it is generally understood among educated people. It includes only next of kin or relations by blood, and excludes the widow.

In *Tillman* v. *Davis* (95 N. Y. 17), the Court of Appeals so held, but after so holding, the court says: " The primary object of all construction of will is, in each case, to ascertain the intention of the testator, and to give effect to that within the rules of law. The words ' heirs,' ' next of kin,' may be so used in association with other language, and under such circumstances, as to show an intention to include others than blood relations." And we think the same rule should be applied to a case like the present.

Whom did the deceased really intend to designate by his " legal heirs," in his application for membership to the association ?

He had no near relative by blood, except the defendant, of whom his wife then knew nothing, who was living in Europe, and with whom there seems to have been but little intercourse. As far as appears, the deceased was on the most cordial terms with his wife, whom he had married more than twelve years before ; he had a child by her which was then dead, and he might reasonably expect others ; and in fact one was born to them after he became a member of the association, and he had no other provision to make for

his family than that furnished by this association. He was a foreigner, and presumably not well acquainted with our language; he certainly was illiterate, as appears by his spelling the words legal heirs " leagal heiros; " and finally, in his will, he calls the plaintiff " his beloved wife," gives her all his personal estate, including this benefit, to the exclusion of his brother, even if his wife should not outlive him, and makes her sole executrix of his will. We think all this entirely inconsistent with the theory that he used the phrase "legal heirs " in its ordinary acceptation; but we think that he intended thereby to designate his wife and children, if he should leave any; and this is the meaning often attached to the phrase by the unlearned, especially when only personal property is concerned.

From this view of the case, it follows that his wife was the beneficiary he really intended to designate in his application for membership, and that the other after designation of her in his will was only to make it more definite and certain.

But if we are mistaken in this, we think the judgment of the General Term of the City Court should be affirmed, for, while the by-laws of the association require that application for membership shall be made in a prescribed form, no form is prescribed by the by-laws themselves. One was printed and in use by the association, but how this came to be used does not appear. Although this contains a form of designation in the body of the instrument, neither the constitution nor the by-laws require that the person or persons designated as beneficiaries shall be approved by the association; nor do they forbid a revocation of a designation once made; nor do they require that the designation shall be made in any particular way or at any particular time. In this respect, the case is very much like *Burton* v. *Provident Mutual Relief Association* (5 Eastern Reporter 7); and differs from *Hellenberg* v. *District No.* 1 (94 N. Y. 580), where the designation was required to be made to the lodge prior to the decease of the member.

In this case the constitution simply requires that the beneficiary or beneficiaries should " be designated," without fur-

ther limitation, and indeed it goes on to provide for cases where no designation has been made by the member, clearly showing that a designation was not necessary in an application for membership.

In the case last cited, the court implies a designation by will would have been good but for the by-laws requiring a formal designation to the lodge, prior to the decease of the member. No such by-laws existed in the case of the Mutual Life Association of New York.

We therefore think the judgment of the General Term should be affirmed and judgment absolute entered in favor of the plaintiff and against the defendant, with costs, under the stipulation in the case.

ALLEN, J., concurred.

Judgment affirmed, with costs.