(10 Misc. Rep. 30.)

### DI MESSIAH v. GERN.

(Common Pleas of New York City and County, Equity Term. October, 1894.)

1. BENEVOLENT SOCIETIES—DESIGNATION OF BENEFICIARIES.

> If the charter of a benevolent society prescribes the class of persons to whom the bounty shall go on the death of a member, a designation by him of a beneficiary not of that class is nugatory.

2. SAME—ENLARGING CLASS OF BENEFICIARIES.

> It is not competent for the society by its by-laws to enlarge the class of beneficiaries prescribed by its charter.

3. SAME—SUBSTITUTION.

> The class of beneficiaries, as prescribed by the charter, being "family, orphans, and dependents," and a member having originally designated his wife as the beneficiary, an attempted substitution of a beneficiary not of that class is ineffectual to annul the appointment of the wife; and, on interpleader between the wife and the substitute, the wife is entitled to the bounty.

(Syllabus by the Court.)

Action by Lina St. Clair Di Messiah against Catherine Gern to determine conflicting claims to life insurance policy. Judgment for defendant.

John Fennel, for plaintiff.

George F. Roesch and August P. Wagener, for defendant.

PRYOR, J. The action is to determine the validity of conflicting claims to a fund in court. The order of interpleader adjudges that the controversy is about one and the same debt, and that the debt is due to one or the other of the parties in litigation. Which of these parties has the true title to the money is the question for decision. The Supreme Lodge of the Knights and Ladies of the Golden Star is a benevolent association, incorporated under and pursuant to the laws of New Jersey. By its certificate of incorporation, a principal object of the society is "to establish a benefit fund, from which, on satisfactory evidence of the death of a member of the order, a sum not exceeding two thousand dollars shall be paid the family, orphans or dependents, as the member may direct." A by-law prescribes that "each applicant for membership shall enter upon his application the name of the person to whom he desires the benefit shall be paid in case of death, subject, however, to such future disposal of the benefit as he may direct; and that any member may at any time surrender his benefit certificate, and a new certificate shall thereafter be issued, payable to such person as the member may direct." Upon his admission into the order, in 1887, Charles Gern designated his wife, the defendant, as the beneficiary, and in his certificate of membership directed the bounty to be paid to her on his decease. Afterwards, in 1893, he procured a substitute certificate, in which he directed payment of the benefit to the plaintiff. She is not the "orphan" of Gern, nor of his "family," nor in any sense his "dependent." In his application he describes her simply as "friend."

Which of these certificates authenticates the right to the benefit? The proof is clear and complete that plaintiff's certificate originated

in fraud.    Pretending that a Mrs. Wagner proposed to change the destination of her benefit, shortly before his death, Gern obtained from the lodge a blank form of application, which he filled in with a direction that a new certificate be issued to him, payable to Lina St. Clair Di Messiah; hence plaintiff's certificate.    It is said that the lodge alone may avail of this fraud, and that, by bringing the fund into court, it signifies its assent to a payment to the plaintiff.    Plaintiff's certificate is the sole muniment of her title, and, if that be invalidated, she has no claim to the money.    By interpleading the parties, the lodge brings the fund into court for the one to whom it shall be adjudged.    This, surely, is no waiver of the fraud, but is a submission of its effect to the decision of the court.    Until the decease of a member of the society, his nominee has no right to the benefit; and hence it may be inferred that the fraud of Gern was of no detriment to the defendant.    But, if the plaintiff's certificate be nullified by the fraud, then, by the death of Gern, the defendant's right is consummate; and conversely, if plaintiff's certificate be valid, the defendant's title is annihilated. If the effect of the fraud were merely to intercept an intended gratuity to the defendant, in a legal sense she would suffer no injury (Hutchins v. Hutchins, 7 Hill, 104); but the result of the fraud is the apparition of a rival right destructive of hers, and that competing right she may invalidate by proof of the fraud.    It is not an answer to the argument that Gern might change the destination of his benefit at pleasure, since he could change it only by a prescribed method and means, and the means and method he employed were vitiated by his fraud.    Were it necessary, therefore, to a decision in defendant's favor, I should not hesitate to hold that plaintiff's certificate is avoided by fraud in its inception, and the formal cancellation of defendant's certificate of no effect.    But, on another ground, defendant's right to the fund is still more obvious and unimpeachable. "The act of incorporation is to corporate bodies an enabling act.    It gives to them all the power they possess.    It enables them to contract, and, when it prescribes to them a mode of contracting, it must observe that mode, or the instrument no more creates a contract than if the body had never been incorporated." Marshall, C. J., in Head v. Insurance Co., 2 Cranch, 127, 169.    Hence the fundamental principle that a corporation can exercise no power not communicated by its charter, nor in any other manner than as prescribed by its charter.    Now, by the certificate of incorporation of the Knights and Ladies of the Golden Star, participation in the benefit fund is restricted to the "family, orphans, or dependents" of members.    True, the by-laws provide for the issue of a new certificate "to such person as the member may direct;" but, the charter being the supreme law of the body, the by-laws must be taken in subordination to the paramount authority, and their provisions reconciled therewith; and any provision in the by-laws transcending the power imparted by the charter is ultra vires and void. Hence the only legitimate and the inevitable construction of the by-laws is that the person to be designated as a beneficiary must be of the class specified in the charter.    The nomination of a per-

son not of that class is nugatory.    Massey v. Society, 102 N. Y. 523, 530, 7 N. E. 619; cases collected in note to Association v. Stapp [Tex. Sup.; 14 S. W. 168] 19 Am. St. Rep. 786–790; Nibl. Mut. Ben. Soc. § 206; Black, Ben. Soc. § 311.    Not being of the family of Gern, the plaintiff cannot be the beneficiary of the fund, unless she were his "dependent."    But of that relation to Gern no evidence was adduced, except such as might authorize the inference that she was his concubine; and such connection the law disdains to recognize as embraced within the term either of "family" or "dependent." Keener v. Grand Lodge, 38 Mo. App. 543.    The designation of plaintiff as the beneficiary was without effect, and the certificate under which she claims invalid as a muniment of title.    Wendt v. Legion of Honor, 72 Iowa, 682, 34 N. W. 470.    She has no right, therefore, to the fund in dispute.    Still, it may be argued that, at all events, the futile designation of plaintiff as beneficiary suffices to nullify the nomination of defendant as the recipient of the money, to which the sufficient answer is that, by the law of the lodge, it is not the intent but the act of changing the destination of the benefit that replaces the original by the substituted beneficiary; and here, as seen, has been no effectual appointment of the plaintiff.    It follows, therefore, that the defendant's certificate still subsists, and that she is yet the beneficiary of the fund.

Upon the supposition even that the designation of defendant has been annulled, and her certificate valueless, she might, nevertheless, be entitled to the benefit, especially in an action in which the only issue is whether she or the plaintiff has the better right.    Hannigan v. Ingraham, 55 Hun, 257, 8 N. Y. Supp. 232; Keener v. Grand Lodge, 38 Mo. App. 543; Arthur v. Association, 29 Ohio St. 557; Association v. Priest, 46 Mich. 429, 9 N. W. 481; Society v. Clendinen, 44 Md. 429; Bishop v. Grand Lodge, 112 N. Y. 627, 20 N. E. 562. The special authority adduced by the plaintiff in support of her right—Story v. Association, 95 N. Y. 474—is essentially distinguishable from the case on trial.    In the case cited the decision of the court proceeded on the ground that, by issuance of the certificate in favor of the plaintiff, the defendant contracted to pay her.    Here, Gern procured the certificate in favor of this plaintiff by imposition on the lodge; and fraud nullifies consent.    Nor would even an intelligent and voluntary assent to the nomination of the plaintiff as beneficiary, being beyond the power of the corporation, avail to bind it to the exclusion of the defendant's prior and paramount right.    Again, in the Story Case, the court said:

"Nor did the appropriation of the fund for her benefit contravene the policy or objects of the association.    The plaintiff for sixteen years lived with Story as his wife.    They had children dependent upon them for support.    It was a case where it was the duty of Story to provide for them; and the provision he made through this insurance was in entire accord with the object of the defendant's organization."

For 30 years the defendant in the present action was the faithful wife of Charles Gern.    She has borne him many children, and doubtless, by her industry and self-denial, she has assisted him in the accumulation of the means for the purchase of the endowment

in question.    Upon the evidence, it is apparent that, her youth and beauty gone, his affection departed with them, and that, by the destination of the bounty to the plaintiff, he intended a recompense of services odious in law and abhorrent to a society, of which the praiseworthy mission is the succor of the widow and the orphan. Between two such claimants, I am happy to be able to award the benefit to the defendant.

Judgment for the defendant, with costs.