JANDA v. BOHEMIAN ROMAN CATHOLIC FIRST CENTRAL UNION OF
.THE UNITED STATES OF AMERICA.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. BENEFICIAL ASSOCIATIONS—BY-LAWS—BENEFICIARY—LEGAL HEIRS.·
    Where the by-laws of a beneficial association organized to provide a
    fund for the benefit of members' widows and orphans provide that the
    fund due by the association on a member's death shall be payable to his
    "legal heirs," the phrase "legal heirs" means the widow and children.

2. SAME—WIDOW AS ADMINISTRATRIX—RECOVERY OF FUND.
    Where the widow and children of a deceased member of a beneficial
    association are entitled to a fund, the widow, as administratrix, may
    sue for the fund.

    Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from judgment on report of referee.

Action by Marie Janda, as administratrix of the estate of Frank
Janda, deceased, against the Bohemian Roman Catholic First Cen-
tral Union of the United States of America. From a judgment for
plaintiff, defendant appeals. Affirmed. ·

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and LAUGHLIN, JJ.

Howard E. White, for appellant.
Paul Jones, for respondent.

McLAUGHLIN, J. This action was brought to recover the
amount of a death benefit upon the life of the plaintiff's intestate, who,
at the time of his death, was a member of the defendant, a mutual
benefit society. The plaintiff had a judgment, and defendant has ap-
pealed.

The referee found that one of the objects for which the defendant
was organized was to provide a certain fund for the benefit of widows
and orphans of deceased members, and that the intestate, at the time
of his death, was a member of the defendant, for which reason his
widow and children were entitled to receive from such fund the sum
of $1,300,—that being the amount which the defendant promised
and agreed to pay to the intestate's legal heirs,—and that the plain-
tiff, in her capacity as administratrix, had "such interest in said fund
and assurance as entitled her to recover the same in this action."
There is no dispute as to the facts, and the only question presented
is whether the plaintiff, as administratrix, is entitled to maintain this
action; the fund, by the terms of the by-laws of defendant, being
made payable to the "legal heirs" of the intestate. The term "legal
heirs," as ·here used, when taken in connection with the general ob-
ject of the defendant, as expressed in its articles of incorporation,
means the widow and children. Griswold v. Sawyer, 125 N. Y. 411,
26 N. E. 464; Bishop v. Grand Lodge, 112 N. Y. 627, 20 N. E. 562.
Here the intestate left, him surviving, the plaintiff, his widow, and
two infant children; and that she has a right to maintain this action
as administratrix of her husband's estate was settled by Bishop v.
Grand Lodge, supra. In that case the deceased left, him surviving,
a widow and two minor children, and the fund was payable "to the

families, heirs, or legal representatives of deceased or disabled members, or to such person or persons as such deceased member might, while living, have directed." Action was brought by the widow as administratrix of her husband's estate, and the trial court directed a verdict for the defendant upon the ground that she could not maintain an action to recover, since no certificate of membership had been issued to her intestate. The judgment was affirmed by the late general term, but was reversed by the court of appeals. After holding that an action could be maintained notwithstanding no certificate had ever been issued, that court also said, referring to the right of the plaintiff as an administratrix to maintain the action:

"We also think the plaintiff had sufficient interest in the fund to sustain this action in her capacity as administratrix. It is true the fund does not come into her hands technically and strictly as assets of the estate of her intestate, nor is it to be liable for his debts. But the plaintiff, in her capacity as administratrix, represents both herself and those others who are entitled to receive the fund as its intended beneficiaries, for it comes to them by reason of the membership of the deceased, and the plaintiff is a quasi trustee for her children, and as administratrix represents them in this action. * * * For the reasons already given, however, we think the action is properly brought in the name of the plaintiff."

This authority is directly in point, and it follows the judgment appealed from must be affirmed, with costs.

O'BRIEN and HATCH, JJ., concur. VAN BRUNT, P. J., and LAUGHLIN, J., dissent.