### (Surrogate's Court, Cattaraugus County. February, 1904.)

1. BENEFIT SOCIETIES—DEATH CERTIFICATES—BENEFICIARIES.

    Laws 1892, p. 2018, c. 690, art. 7, § 233, relates to the incorporation of benefit fraternities. Section 238 provides that moneys paid by any such society shall be exempt from execution, and shall not be appropriated to the debt of any member. The constitution of a benefit order incorporated under such act established a class to whom the death benefit might be made payable, and required the certificate to designate a member of such class as a beneficiary. *Held*, that a designation in the certificate, "Payable to Estate," is not a legal designation of a beneficiary, so that the death benefit does not become a part of the estate of the deceased member, and liable for his debts, but passes to the person who would take his personalty under the statute of distribution.

2. SAME—DESIGNATION BY WILL.

    Where neither the statute, constitution, nor by-laws of a benefit order in force at the time testator became a member, and at the time of his death, authorize a designation of a beneficiary by will, a designation of that character is insufficient.

¶ 2. See Insurance, vol. 28, Cent. Dig. § 1941.

In the Matter of the Judicial Settlement of the Estate of Simon Smith. Decree of distribution rendered.

Ward J. Wilbur (A. B. Ottoway, of counsel), for petitioner.
Congdon & Congdon, for special guardian.

DAVIE, S. Simon Smith, late of the town of Persia, county of Cattaraugus and state of New York, died October 21, 1902, leaving, him surviving, no widow, but leaving two sons, three daughters, and one grandson, Simon Irish, the only child of a deceased daughter; they being his only next of kin. Letters of administration were granted by the Surrogate's Court of the county of Cattaraugus to Joseph H. Smith, December 13, 1902. Simon J. Smith, another son of the decedent, died February 2, 1902, leaving no widow or descendants, but leaving a last will and testament, bearing date February 2, 1902, and admitted to probate March 26th of the same year. No executor was designated by the terms of the will, and soon after its probate letters of administration with the will annexed were issued thereon to Joseph H. Smith, who is still acting as such administrator, and no judicial settlement of his accounts has ever been had. The disposing part of such will is as follows:

"I am insured in the Ætna $5,000, Travellers $3,000, Select Knights $2,000, Empire Degree of Honor $1,000. I owe Mrs. Billsborough in the neighborhood of $3,000. I want her to have $3,000 and then I want her to have an equal share with my brothers & sisters, after all debts are paid."

The issue raised by the objections filed herein relate exclusively to the proceeds of the insurance of $2,000 in the Select Knights, referred to in such will. The Order of Select Knights, mentioned in said will, was organized under the laws of the state of New York, and pursuant to the provisions of article 7 of the insurance laws (Laws 1892, p. 2018, c. 690); its certificate of reincorporation being dated February 24, 1894, and approved by the Attorney General June 22, 1894, and thereupon filed in the office of the Superintendent of Insurance as required by such statute. Such certificate of reincorporation contains the following provisions:

"The Order of Select Knights; a Mutual Beneficiary Fraternity, duly incorporated under the laws of the State of New York, A. D., 1879, desiring to re-incorporate under the provisions of Article Seven of the Insurance Law, do hereby certify and declare pursuant to a resolution of the Grand Legion of Select Knights duly adopted in regular session held on the 12th day of September, 1893, as follows."

Then follows in such certificate the name of the corporation, a statement of the mode in which its corporate powers were to be exercised, the names and official title of its officers, and the place where its office was then located, and such other general statements and details as were required by the statute under which the said order was reincorporated. Such certificate of reincorporation contains no provisions in regard to the designation of beneficiaries in the certificates issued to members of such order.

The constitution and by-laws of the Order of Select Knights were revised in the year 1899, and, as so revised, were in full force and

effect at the time of the death of Simon J. Smith. Article 3 of such constitution is as follows:

"Objects of the Order.

"Section 1. To unite fraternally and beneficially persons of sound bodily health and good moral character, who are socially acceptable and between eighteen and fifty years of age.

"Sec. 2. To give moral and material aid to its members and those dependent upon them.

"Sec. 3. To educate its members socially, morally and intellectually. To create a fund for the relief of sick and distressed members, and to care for the living and bury the dead.

"Sec. 4. To establish a benefit fund or funds from which, on satisfactory evidence of the death of a member of the order, who has complied with all its lawful requirements, a sum, not exceeding two thousand dollars ($2,000), shall be paid to the widow, widower, children, dependent mother, father, sister or brother, or other relative of a member, as shall be directed; and from which fund shall be paid all just claims for total and permanent disability, as the beneficiary laws shall provide.

"Sec. 5. To establish a fund or funds to pay such sick or funeral benefits as the laws may provide."

Section 27 of article 14 of the constitution, containing the beneficiary laws of the order, is as follows:

"Each person applying for membership must make an application in writing therefor, and be examined by the subordinate medical examiner, whose certificate should be attached thereto. He or she shall also make an application in writing, for the rights, privileges and benefits of the order, which shall be attested by the recorder of the legion or secretary of the auxiliary, with the seal attached. Such application shall constitute part of the contract of each member with the order, and if the applicant shall willfully make any erroneous statement therein, or shall intentionally conceal or omit to disclose any fact material thereto, his or her beneficiary certificate shall be void. And such application shall contain the name or names of the payee or payees, who shall in every instance be one or more members of his or her family, or some one related to him or her by blood, or who shall be dependent upon him or her, or an affianced wife.

"If a candidate or member declares on oath that he or she has no individual of the classes required by this section, to whom such beneficiary certificate may be made payable in the event of his or her death, then and only under such circumstances may a member so situated be permitted to name any person or persons or legions as beneficiary, and an affidavit shall be attached to the application for beneficiary or change of beneficiary, as the case may be."

Section 28 of article 14 of the constitution provides as follows:

"If one or more of the beneficiaries shall die during the lifetime of the member, the surviving beneficiary or beneficiaries shall be entitled to the benefit equally, unless otherwise provided in the beneficiary certificate, and if all the beneficiaries shall die during the lifetime of the member, and he or she shall have made no other direction, the benefit shall be paid to the widower or widow if living, at the time of his or her death. If no widower or widow survives, then the benefit shall be paid, share and share alike, to his or her children, and if any or all of said children be dead, then to the grandchildren living at time of the death of a member to take the share to which their deceased parents would be entitled if living; if there be no children, nor grandchildren of the deceased member, living at the time of his or her death, then the said benefit shall be paid to the mother, if living, and if she be dead, then to the father, if living, and if he is dead then said benefit shall be paid, share and share alike, to his or her brothers and sisters, the children of any deceased brother or sister living at the time of the death of the member, to take the share to which their deceased parents would be entitled if living; if there be no brothers or sisters of the deceased member

living at the time of the death of the deceased member, then said benefit shall be paid to children of any deceased nephew or niece, living at the time of the death of the member, to take the share to which their deceased parents would be entitled, if living; and should there be none living at the death of the member entitled to said benefit under the provisions hereof, then the same shall revert to the beneficiary fund of the grand legion in which case the grand legion shall defray the funeral expenses of the deceased member, which shall not exceed the sum of $250."

Section 30 of article 14 of the constitution is as follows:

"A member in good standing may, at any time, surrender his or her beneficiary certificate, and a new certificate shall then be issued, payable to such person or persons as the members may direct, upon the payment of the fee of one dollar."

Section 5 of article 2 of such constitution is as follows:

"No grand legion officer, subordinate legion or auxiliary or any officer or member thereof, shall possess any power or authority whatsoever to waive any provision of this constitution under any circumstances whatever."

Under date of November 21, 1901, Simon J. Smith made an application for membership in said order of Select Knights, Grand Legion No. 75, located at Gowanda, N. Y., and such application contains the following:

"(7) I direct that the beneficiary certificate which may be issued to me in pursuance of this application, recite as beneficiary the following named, and to each the amount designated, and whose relationship to me I certify to be as stated, viz.:

| Amount | Payable to |
|---|---|
| $2,000.00 | Estate." |

That such application contains the further statement signed by Simon J. Smith, under date of December 5, 1901:

"I further agree that the foregoing answers and statements together with the preceding declaration shall form the basis of the contract between me and the Order of Select Knights, and are offered by me as a consideration for the contract applied for and are hereby made a part of any beneficiary certificate that may be issued on this application, and shall be deemed and taken as a part of such certificate, and this application may be referred to in said beneficiary certificate as the basis therein and they shall be construed together as one entire contract."

Pursuant to such application the Grand Legion, Order of Select Knights, issued and delivered to Simon J. Smith a certificate of membership in such order bearing date December 23, 1901, being certificate No. 10,136, signed by W. H. Snider, grand commander, and George K. Staples, grand recorder, the same being duly countersigned under the corporate seal of the order, and by the terms of which certificate it was provided:

"That Simon J. Smith, a member of Grand Legion No. 75, of said Order, located at Gowanda in the State of New York, is entitled to all the rights and privileges of membership in the Order of Select Knights and to participate in the beneficiary fund of said Order to the amount of one assessment, but not exceeding the sum of two thousand dollars ($2,000.00), which sum shall be paid to his estate upon satisfactory proof of death and surrender of this certificate, provided the insured shall have in every particular complied with all the rules and regulations of this Order."

Such certificate also contains the farther provision:

"3rd. It is hereby expressly understood and agreed that the application for membership, medical examiner's report and answers therein, the consti-

tution, laws, and by-laws, and enactments of the Grand Legion, constitute a part of this contract."

Simon J. Smith was a member of said order in good standing at the time of his death. Directly after his decease, due proof thereof was prepared and delivered to the order, and, after the appointment of the petitioner herein, Joseph H. Smith, as administrator of the estate of Simon Smith, and as administrator with the will annexed of the estate of Simon J. Smith, such order paid to him the amount of said certificate, to wit, the sum of $2,000, on the 13th day of December, 1902, taking a receipt therefor in his representative capacity as administrator of both of the said estates, as above stated. On the receipt of said moneys, the administrator, Joseph H. Smith, assumed to retain the same as a part of the estate of Simon J. Smith, deceased.

These are the material facts relating to the issue involved in this accounting, and the sole question to be determined is as to whether the $2,000, proceeds of the certificate issued to Simon J. Smith, constitute a part of his general estate, subject to his right of disposing of the same by will, or whether such funds belonged to the father, Simon Smith, as the sole next of kin of the said Simon J. Smith. In other words, the issue relates to the legal interpretation of that portion of the certificate which designates the beneficiary as "his estate." If such words were legitimately used in the application and certificate with their usual and commonly accepted meaning, and referred to the entire fund or property left by the decedent at the time of his death, then the proceeds of this certificate would constitute a portion of the personal estate of Simon J. Smith, and be subject to his testamentary disposition; but the actual contract existing between this decedent and the Order of Select Knights must be ascertained by reference not only to the beneficiary certificate itself, but also to the statute under which the order derives its corporate existence, its certificate of incorporation, constitution, and by-laws, and the application upon which such certificate was issued. This order was incorporated under the provisions of article 7 of the insurance law (Laws 1892, p. 2018, c. 690). Section 233 of that statute declares all orders incorporated under its provisions to be "mutual benefit fraternities, and exempt from the provisions of the other insurance laws of the state, and shall be subject only to the provisions of this article and such provisions of article one of this chapter as may be especially applicable thereto." Section 238 of the same statute provides that all money paid by any such society shall be exempt from execution, and shall not be taken, seized, or appropriated by any legal or equitable process to pay any debt or liability of a member or beneficiary. While this act does not specifically designate who may become beneficiaries in the certificates issued by such orders, it delegates to the orders themselves the power of making constitutions and by-laws, not inconsistent with law, regulating the selection of beneficiaries. The Order of Select Knights has duly adopted a constitution which specifically provides to whom the death benefit may be made payable, viz., "The widow, widower, children, dependent mother, father, sister or brother, or other relative of a

member." This provision of the constitution, under the authority delegated by the statute, becomes as operative and binding as if contained in the statute itself. While the obligation of the order is to afford to its members relief during their lifetime in sickness and distress, it contracts to pay the death benefit only to a competent beneficiary; that is, to some person of the class designated. No grand legion officer, subordinate legion, or auxiliary, or any officer thereof, has the power to vary the contract in this particular. In fact, they are absolutely prohibited from doing so by the express terms of the constitution. Const. art. 2, § 5. Section 27 of the constitution provides that a member, in his application, shall designate his beneficiary, "who shall be, in every instance, one or more members of his family or some one related to him by blood, or who shall be dependent upon him or an affianced wife." Such designation, in order to be operative, must be contained in the application for membership, or in a written designation made by the member, in his lifetime, of some person competent to be a beneficiary under the rules of the order. Hellenberg v. I. O. of B. B., 94 N. Y. 580; Fink v. Fink, 171 N. Y. 618, 64 N. E. 506; Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, 27 Am. St. Rep. 582. A marked distinction exists between the funds to be derived under a beneficiary certificate issued by such an order and the proceeds of ordinary life insurance. The fund provided in this case is a benefit, and not insurance. Gundlach v. Germ. Ins. Co., 4 Hun, 339–341; Ballou v. Gile, 50 Wis. 614, 7 N. W. 561; Durian v. Central Verein, 7 Daly, 168; M. M. B. Co. v. Clendinen, 44 Md. 429, 22 Am. Rep. 52; Arthur v. Odd Fellows Ben. Ass'n, 29 Ohio St. 557; Greeno v. Greeno, 23 Hun, 478–482; Kentucky M. M. L. I. Co. v. Miller's Adm'r, 13 Bush, 489. The testamentary disposition sought to be made by the testator of the proceeds of this certificate does not constitute a legal designation of a beneficiary. Neither the statute, constitution, nor by-laws of this order in force at the time the testator became a member, and at the time of his death, authorize a designation of beneficiary, or disposition of the proceeds of a beneficiary certificate by will. Kunkel v. Workman's S. & D. Benefit Fund, 68 App. Div. 385, 75 N. Y. Supp. 188. It is entirely apparent that the general purpose and intent of the statute under which this order was organized, supplemented by its constitution and by-laws, was not to build up or increase the general estate of the member, but to make some suitable provision for him during lifetime, in case of sickness or distress, and then provide for some legal and proper beneficiary after his death. A member has no interest in or power over the benefit, aside from his right to designate or make a change of beneficiary in conformity with the provisions of the constitution and by-laws of the order. Sulz v. M. R. F. L. Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379; Bishop v. G. L. E. O. of M. A., 112 N. Y. 627, 20 N. E. 562; Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464. It must therefore be held that this fund does not constitute a part of the general estate of the testator, to the extent that the same was liable for his debts, or for the payment of bequests under his will. The only reasonable construction that can be placed upon the term "his estate,"

as used in the application for membership and the certificate, is that the member and the order designed that the proceeds of this certificate should go to such person, being a competent beneficiary, as would take his personal estate under the statute of distributions. Janda v. Bohemian Roman Catholic First Central Union, 71 App. Div. 150, 75 N. Y. Supp. 654.

The father of Simon J. Smith, being alive at the time of the latter's death, was his sole next of kin, and, as such, entitled to his entire personal estate, under the statute of distributions; and, being so entitled, this fund constitutes a part of the estate of Simon Smith in the hands of his administrator, subject to disposition among his next of kin.

Decreed accordingly.