James H. Brinsmaid, Charles J. Brinsmaid, Frank T. Brinsmaid, William E. Brinsmaid and Sedgwick S. Brinsmaid, Appellants, v. The Iowa State Traveling Men's Association and Title Guarantee & Trust Company of Los Angeles, California, Defendants, and Alice M. Steele, Intervener.

Mutual benefit insurance: proofs of loss. The statutes do not
1  require proofs of loss as a condition precedent to an action on the certificate of a mutual benefit society.

Same: change of beneficiary by will. Where the beneficiary in
2  a certificate issued by a mutual benefit society dies before the member, and the society has provided no method for change of beneficiary, a will of the member directing payment of the proceeds of the certificate to a legatee is a valid change of beneficiary to such legatee.

Appeal from Polk District Court.—Hon. James A. Howe, Judge.

Wednesday, July 5, 1911.

Action by plaintiffs, as heirs of Thomas F. Brinsmaid, deceased, to recover on a certificate of insurance. Alice M. Steele filed a petition of intervention, claiming the indemnity stipulated. The defendant denied all liability. On trial judgment was entered dismissing plaintiffs' petition, and on the issues between intervener and defendant the jury disagreed. The plaintiffs appeal.—Affirmed.

Clinton L. Nourse, for appellants.

Sullivan & Sullivan, for appellees.

Thomas A. Cheshire, for intervener, appellee.

Ladd, J.—While bathing in the surf at Long Beach, Cal., November 27, 1907, Thomas F. Brinsmaid lost consciousness, and was taken from the water to the emergency room of the bathhouse. Though skillfully treated, he did not recover, and whether death resulted from drowning or rupture anucrism of the aorta was in issue. He became a member of the defendant, a mutual assessment association, in 1883, with his mother named as beneficiary. She died in 1889, and no one was substituted by him in her stead unless this was effected by will executed in December, 1906, in which he gave all property of which he died seised or possessed to Alice M. Steele, enumerating as such property insurance policies in the Iowa State Traveling Men's Association and other companies. The plaintiffs are the brothers of deceased and his sole heirs, as well as the sole heirs of the beneficiary first named, and as such claim in this action the indemnity promised in the defendant's by-laws in event of the accidental death of a member. Alice M. Steele filed a petition of intervention, claiming said indemnity by virtue of being designated beneficiary in the will. After all the evidence had been introduced, the court directed the jury to return a verdict against the plaintiffs, which was done and judgment entered thereon, and submitted the issues as between the intervener and defendant to the jury, which disagreed. The plaintiffs have appealed, and there are several assignments of error.

I. No requirement of proofs of loss are to be found in the articles of incorporation or by-laws, and appellants insist that none were essential as a condition precedent to the maintenance of the action. Section 3 of chapter 211 of the Eighteenth General Assembly was construed to be applicable to mutual benefit associations, and defendant relies on authorities construing that section as exacting proofs of loss. See *Christie v. Life Indemnity Company,* 82 Iowa, 360; *Parsons v. Ancient Order of United Workmen,* 108 Iowa, 6.

1. Mutual benefit insurance: proofs of loss.

Without quoting the entire section, it is enough to say the sentence declaring the provisions of the section applicable to "all contracts and policies of insurance" contemplated in the chapter was not retained in the enactment of section 1742 of the Code.

There seems to be no statutory requirement of proof of loss as a condition precedent to the maintenance of an action for benefit or indemnity against a mutual assessment association; and, as the defendant concedes that the proofs of loss by the intervener were sufficient, we have no occasion to determine whether these were essential, and whether they might be deemed sufficient in behalf of the plaintiffs.

II.   By the terms of his will made in 1906, deceased gave all the property of which he died "seised or possessed of every nature and description and wherever situated" to Alice M. Steele, and described his property 2. SAME: change of beneficiary by will. as an interest in a deceased sister's estate and "insurance policies in the Connecticut Mutual Insurance Company and accident insurance in the United Commercial Travelers of America, and the Iowa State Traveling Men's Association of Des Moines, Iowa." The will was admitted to probate in California, the estate settled and the membership certificate in the defendant association turned over to the intervener in pursuance of an order of court. Though not definite, the intent to name intervener as beneficiary to whom the indemnity under several insurance contracts should be paid is manifest. In the second clause he gave everything absolutely to the intervener, and in the third asserted that he had no children or other descendants, and was unmarried, and then, to make certain that there should be no misunderstanding, he enumerated, as a part of the property, left the insurance in controversy. Plainly enough the intention to designate the intervener as beneficiary is to be inferred, and nothing else.

The more serious question, however, is whether this might be done by will. No membership certificate was issued by the association prior to 1892. Admission as member was on application, and section 2 of the fifth by-law provided that "In any case of death from accident to any member within ten weeks from the date of injury, an assessment of two dollars per member shall be made to be paid to the party or parties named in his application for membership." As said, the mother of deceased was so named, but she died in 1889. Neither the articles of incorporation nor by-laws then provided for the substitution of another beneficiary, but the assured, in the absence of any statute to the contrary, had that right to make such change during life. *Carpenter v. Knapp,* 101 Iowa, 712. And in 1894 the association amended its by-laws by adding that: "Whenever a member of this association in good standing through external violent and accidental means receive bodily injuries, which shall independently of all other causes result in death within twenty-six (26) weeks from said accident, the beneficiary named in his application for membership, or his heirs if no beneficiary is named therein, shall be paid the proceeds of one assessment of two dollars ($2.00) upon each member in good standing, but in no case shall such payment exceed the sum of five thousand ($5,000) dollars." This as will be observed materially altered the by-laws quoted above, and, as neither the articles nor by-laws in force when deceased became a member provided for amendment, this in so far as it adversely affected his rights was not binding on him. *Carnes v. Association,* 106 Iowa, 282. Prior to this in 1886, a change of beneficiary had been expressly authorized by the Legislature "with the consent of such corporation." Section 7, chapter 65, Acts Twenty-First General Assembly. The words quoted were eliminated in Code 1897, section 1789, which reads: "No association organized or operating under this chapter shall issue a certificate of member-

ship to any person under fifteen nor over sixty-five years of age, nor unless the beneficiary named in the certificate is the husband, wife, relative, legal representative, heir, creditor or legatee of the insured member, nor shall any such certificate be assigned. Any certificate issued or assignment made in violation of this section shall be void. The beneficiary named in the certificate may be changed at any time at the pleasure of the assured, as may be provided for in the articles or by-laws, but no certificate issued for the benefit of a wife or children shall be thus changed so as to become payable to the creditors." This leaves it optional with the association whether consent to such change by or notice thereof to it shall be exacted as a condition precedent to the substitution of one beneficiary for another. Possibly, as suggested by appellants, such notice might be conducive to the orderly transaction of business. On the other hand, it would be a limitation on the freedom of the member in disposing of the benefit to be derived from his contract, and we know of no reason for insisting on the association exacting such notice when by failing to require it in its by-laws a contrary wish has been evidenced. Neither notice to the association nor consent by it thereto was essential to the change of beneficiaries. This point was decided in *Hirschl v. Clark*, 81 Iowa, 200, where the court, speaking through Rothrock, J., said: "If the association receives notice of the change in beneficiaries before it has been in any way prejudiced, it would seem to be bound to obey the direction. . . . In our opinion, the fact that Burrows died before the association received the instrument is not a material question. Under this contract, Burrows could have changed the beneficiary by an assignment on the certificate, or by a separate paper, and it was complete, at least so far as Mary Burrows was concerned, when it was delivered to Clark, the trustee. Notice to the insurer of the assignment was not necessary, unless required by the contract of insurance.

Bliss on Life Insurance, section 333; May on Insurance, sections 338, 396, and authorities cited. Where a policy is assignable or where a benefit certificate authorizes a change of beneficiaries which is the same thing in effect as an assignment, notice of the assignment is not necessary to its validity, unless required by the contract of insurance." And, as no mode of changing beneficiaries was prescribed, this might be done in any informal manner which indicated the intention of the insured so to do. *Shuman v. Ancient Order of United Workmen*, 110 Iowa, 645.

It is also to be noted that the section quoted expressly recognizes the right of the insured to designate as beneficiary a "legatee." Moreover, the first section of chapter 7 of title 9, in conformity with which the association is organized, defines the associations contemplated as those "organized for the purpose of insuring the lives of individuals or furnishing benefits to the widows, heirs, orphans or legatees of deceased members or accident indemnity." These statutes clearly recognize the authority of the association to insure for the benefit of a legatee, and, as no limitation is prescribed in its articles or by-laws, it is to be presumed persons of any class enumerated in the statute may be beneficiaries. Had deceased, in procuring membership originally or in an appropriate paper filed with the defendant, designated as beneficiary a legatee named, or to be named, as entitled thereto in his will, no one could well deny, in view of these statutes, that such legatee would have been entitled to the indemnity. Can it make any difference that he designated a legatee in his will as beneficiary without advising the association? As seen, he was under no obligation to notify it of any change he might make, and, though the will may not become effective in disposing of his property until his death, it might prove effective in designating a beneficiary. The naming of a beneficiary of life insurance is in its nature testamentary. Like a will, it is revocable, and is not effective in pass-

ing the benefits stipulated during life. In *Dennett v. Kirk,* 59 N. H. 10, the designation of a beneficiary by will was upheld; the court saying:

> Is the will inoperative as a bequest of a fund which was not the property of testator, and order for the payment of the fund to Oliver's mother within the meaning of the rules of the association? It is a writing signed by the member and a sufficient number of witnesses. It distinctly refers to the fund as the subject-matter of his power of appointment. . . . The will is not addressed to the association, and the part relating to this subject is not a formal order for the payment of the relief either by anybody or to anybody. But it clearly expresses Oliver's desire and direction that it should be paid to his mother. It plainly manifests his intention to so comply with the rules of the association as to exercise his power of selection in her favor. By the formal bequest he expressly informed all to whom knowledge of it should come that the relief was to be paid to her. He named her as the person entitled to a certain fund that was in fact payable to his appointee (with or without certain limitations) at his death. He described the fund as being in the hands of a certain accurately described association. He effectually declared in a writing signed by himself and more than two witnesses that his mother should be the payee of that fund, of which nobody but the association could be the payer. A written statement that a certain thing will be done at a certain time, when made known to the only person who can do it, may be an imperative order that he shall do it. . . . In this case the testamentary language, literally signifying a bequest to the testator's mother of certain money in the hands of a certain association, means that the association is ordered to pay the money to her. That meaning could have been expressed in the more common phraseology of command, but the formal bequest is in legal construction and effect an order within the meaning of the rules of the association.

See, also, *Thomeuf v. Knights of Birmingham,* 12 Pa. Super. Ct. 195. *Masonic Benevolent Association v. Bunch,* 109 Mo. 560 (19 S. W. 25), is squarely in point.

The association was organized under statutes of Illinois

similar to those of this state quoted, though using the word "devisees," instead of "legatee." The charter contained no provision for the designation or change of beneficiaries. After directing attention to the well-settled doctrine that the right of members of such association is simply that of appointing the beneficiary, that the beneficiary does not acquire a vested interest in the certificate of insurance, but merely an expectancy subject to being divested at any time by the insured, and that possession of the certificate is not essential to effect a change, the court said: "This right of a change has generally been held analogous to a testamentary disposition of the benefit. It, like a will, is revocable at any time during the life of the testator. *Association v. Montgomery,* 70 Mich. 587 (38 N. W. 588, 14 Am. St. Rep. 519); *Chartrand v. Brace,* 16 Colo. 19 (26 Pac. 152, 12 L. R. A. 209, 25 Am. St. Rep. 235); *Duvall v. Goodson,* 79 Ky. 244; *Thomas v. Leake,* 67 Tex. 469 (3 S. W. 703); *Association v. Kirgin,* 28 Mo. App. 80. It was only by holding that Lewis could have made David his devisee that we could sustain the legality of the original designation of David as a beneficiary. The same reasoning will sustain the right of Lewis to change his will and name a different devisee or legatee at any time before his death. And, according to the authorities above cited, neither was this right affected by the fact that Mrs. Katherrine Bunch and Frank Bunch refused to permit him to have the certificate upon his demand. If they, with the possession of the certificate, had no such right therein as would defeat the right of Lewis Bunch to change the beneficiary, after he demanded it, their possession was wrongful, and they will not be allowed to profit by their own wrong. As we have already seen, neither the constitution nor by-laws of plaintiff prescribed any formalities whatever for a change of beneficiary. In the absence of such, any clear, definite, designation of a different beneficiary will suffice. So we think that the designation of a trustee by his last will

formally executed and duly probated wrought an effectual change, particularly as he was authorized by the charter to give it to his devisees."

To the same effect, see *Raub v. Association,* 3 Mackey, (D. C.) 68; *Supreme Council v. Priest,* 46 Mich. 429 (9 N. W. 481). Niblack, Benefit Societies and Accidental Ins., section 214, where it is said: "If there is no provision of the charter, by-laws, or certificate of membership governing the manner and mode in which such change shall be made, a designation of a new beneficiary may be made by the last will and testament of the member." *High Court Catholic Order of Foresters v. Malloy,* 169 Ill. 58 (48 N. E. 392); Bacon, Benefit Societies and Life Insurance, section 308a, where the author says: "If no formalities are required by the laws of the society for change of beneficiary, it may be made in any manner indicating the intention of the member as by will." See *Hannigan v. Ingrahan,* 55 Hun, 257 (8 N. Y. Supp. 232); *Stoelker v. Thornton,* 88 Ala. 241 (6 South. 680, 6 L. R. A. 140); *Bloomington Mut. Life Ben. Assn. v. Blue,* 120 Ill. 121 (11 N. E. 331, 60 Am. Rep. 558); *Carruth v. Clawson* (Ark.) 133 S. W. 178. The indemnity can be enjoyed only after the insured's death. The naming of a beneficiary by will, then, is timely, and interferes with the rights of no one. Thereby the insured does not dispose of a fund of his own, but merely indicates to whom another, the insurer, shall pay under the terms of its contract. Of course, such designation of beneficiary does not become effective until the insured's death, but this is quite as soon as though made in any other way. Any designation is revocable any time before the death of the assured. The manner of designating a beneficiary, where this is in no wise controlled by article of incorporation or by-law of the association or by statute, would seem to be solely a matter of choice with the insured. As no notice is required, it is immaterial to the association how this is done. The interest of the existing bene-

ficiaries is merely that of expectancy, subject to change without his knowledge. In other words, the designation of a beneficiary by the insured, whether by will or in some other instrument, is made during life, but becomes effective only upon his death. Of course, where the association has prescribed a method by which beneficiaries shall be named or changed, this can not be accomplished by will, unless so authorized, and this is the holding of most of the decisions relied upon by appellants. See *Olmstead v. Masonic Assn.,* 37 Kan. 93 (14 Pac. 449); *Modern Woodmen v. Puckett,* 77 Kan. 284 (94 Pac. 132, 17 L. R. A. (N. S.) 1083); *Burke v. Modern Woodmen,* 2 Cal. App. 611 (84 Pac. 275); *Fink v. Fink,* 171 N. Y. 616 (64 N. E. 106). Such is the law in this state. *Stephenson v. Stephenson,* 64 Iowa, 534; *Hainer v. Legion of Honor,* 78 Iowa, 245; *Wendt v. Legion of Honor,* 72 Iowa, 682. In *De Silva v. Supreme Council,* 109 Cal. 373 (42 Pac. 32), it was conceded for the purpose of the case that a change of beneficiaries might be made by will. The discussion, only, lends support to appellant's contention. In *Hellenberg v. Independent Order of B'nai Berith,* 94 N. Y. 580, the indemnity was to be paid to "such person or persons as he (insured) may have formally designated to the lodge prior to his decease." *In re Smith's Estate,* 42 Misc. Rep. 639 (87 N. Y. Supp. 725), merely holds that neither the insured's estate nor a stranger are within the class of beneficiaries authorized by statute. All the authorities denying the validity of a designation of beneficiary by will base the decision on conditions in the articles of incorporation, by-laws or statute exacting another method.

In the absence of any such obstruction, there is no tenable ground for saying that the beneficiary may not be so named especially where the indemnity may be made payable to a legatee.—*Affirmed.*