KATE M. TOWNSEND, Appellant, v. THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee, and JAMES M. SOWER, Intervener, Appellee, and L. E. ELLIS, as Trustee, Appellant, v. THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee, and MRS. ROBERT HALL, Intervener, Appellee.

Insurance: CHANGE OF BENEFICIARIES. An insurance company may by appropriate conditions expressed in its policy prescribe the method of changing beneficiaries, and ordinarily an attempt to change the beneficiary in any other manner will be ineffective.

Same. Where the right to change the beneficiary is reserved to the insured in the policy the named beneficiary acquires no vested right in the insurance; and so far as he or she is concerned the insured may make the substitution at will.

Same: CONSTRUCTION OF POLICY. Where a policy provided that the consent of the beneficiary was not essential to a surrender, assignment, change in beneficiary or any other change in the policy, but that no assignment should be valid without the written consent of the company endorsed thereon, any change in beneficiary was ef-

fectual without the consent of the company; as the term assignment does not embrace a change of beneficiary.

**Same:** CHANGE OF BENEFICIARY. Where an insurance policy, as a mere incident to the contract and without any independent consideration, indemnified the beneficiary against certain injuries, if between certain ages and mentally and physically sound, the insured was not thereby deprived of the right to change the beneficiary without the consent of the company; there being no other conditions respecting age or condition of health of the beneficiary, and no examination or approval by the company was required.

**Same:** CHANGE OF BENEFICIARY BY WILL. Where a policy of insurance was silent as to the method of changing the beneficiary such change may be effected by a provision to that effect in the will of the deceased.

*Appeal from Polk District Court.*—HON. JAMES P. HEWITT, Judge.

MONDAY, DECEMBER 15, 1913.

ACTIONS at law upon policies of accident insurance. There was in each case a trial to the court without a jury and judgment in each for the intervener. The plaintiffs appeal. As the two cases present similar states of fact and the rights of the parties turn upon the construction to be placed on like clauses in the insurance contract, they have been submitted together and will be disposed of in one opinion.—*Reversed.*

*Carr, Carr & Evans,* for appellants.

*Sullivan & Sullivan,* for defendant appellee.

*Louis Englander* and *I. M. Earle,* for appellees interveners.

WEAVER, C. J.—On October 7, 1911, one William T. Sowers, then residing at Des Moines, Iowa, was accidentally shot, and from the injury so received he died on October 9,

1911.  At the time of his injury and death he held two valid policies of accident insurance issued to him by the defendant herein, each of which policies provided for payment to the beneficiary therein named of a death benefit in the sum of $5,000.  He was an unmarried man and in the first policy known in the record as No. 4,370,676 his brother James M. Sowers was named as beneficiary, while the other policy, No. 4,406,470, was made payable to his sister, Mrs. Robert Hall. After his injury and in apparent view of his impending death, he made and executed a will by which (omitting the merely formal parts) he provided as follows:

> I give and bequeath to Jean B. Townsend the proceeds of a certain accident policy in the Fidelity & Casualty Company of New York, the beneficiary in which is now my brother J. M. Sowers.
> I give and bequeath to Elton Ellis in trust for my creditors the proceeds of a certain policy of insurance in the Fidelity & Casualty, the beneficiary in which I believe to be my mother or sister..
> I give and bequeath to Jean B. Townsend my furniture, fixtures, pictures and household goods.
> All the balance and residue of my estate, both real and personal, I give, devise and bequeath to my mother.
> I nominate Elton Ellis and Fred P. Carr as the executors of my estate.

The legatee Jean B. Townsend was the affianced wife of the testator.  Two days after his death notice thereof and of the fact that he left a will and of the change or attempted change thereby made in the beneficiaries of his accident insurance was given to the defendant.  The company holding to the view that no change of beneficiaries had been affected, or at least that the question so raised was doubtful, declined to recognize plaintiff's alleged rights, and thereupon the actions now before us were instituted.  In each action the person named as beneficiary intervened asking to be adjudged entitled to receive the fund.  The defendant company answered

in each case admitting the issuance of the policy in suit and that the same was in force at the death of the insured. It also admitted the accidental death of the insured, the fact that he made the will above mentioned, and that such will had been admitted to probate. It pleads, however, that according to the terms of the policy in suit the matter of changing the beneficiaries of such insurance is governed by rules indorsed upon the instrument as follows:

Sec. 20. The consent of the beneficiary shall not be requisite to the surrender or assignment of this policy, or to a change of beneficiary, or to any other change in the policy. No assignment of interest under this policy shall bind the company unless the written consent of the company is indorsed hereon by the president, vice president or one of the secretaries of the company.

Sec. 22. No erasure or change appearing on this policy as originally printed, and no change or waiver of any of its terms or conditions or statements, whether made before or after the date of this policy, shall be valid unless set forth in an indorsement added hereto and signed by the president, vice president or one of the secretaries of the company. Notice given to or the knowledge of any agent or any other person, whether received or acquired before or after the date of this policy, shall not be held to waive any of the terms or conditions or statements of this policy, or to preclude the company from asserting any defense under said terms, conditions or statements, unless set forth in an endorsement added hereto and signed by one of the said officers.

The effect of these rules the defendant avers is to make the written consent of the insurer essential to a completed or effectual change of beneficiaries, and that, such consent in the instant case never having been given, the terms of the will do not operate to vest the plaintiff with any right to or interest in said fund, and therefore this action is not maintainable. The intervener in each case pleads and relies upon the same provisions of the insurance contract. Plaintiffs take the position that the articles above quoted do not impose any condition

precedent to the right of the insured to name a new beneficiary. The issues in the first case were submitted to the trial court upon the pleadings and an agreed statement of the facts which at the risk of some repetition we here set out in full, omitting only certain correspondence between plaintiffs and defendant after the death of the insured having, as we conceive, no vital bearing on the one question presented by the appeal.

Subject to the objections hereinafter made by either party, the following facts are agreed to in open court between the plaintiff, the defendant, and the intervener: It is stipulated and agreed that the plaintiff is the mother and assignee of Jean B. Townsend. That Jean B. Townsend is the person named as legatee under the will of William T. Sowers, as referred to in the stipulation of facts in the case of *L. E. Ellis, Trustee, v. Fidelity & Casualty Company of New York,* No. 20,990 Law; and that the said Jean B. Townsend was at the time of making such will the fiancée of William T. Sowers. That the intervener James M. Sowers is the brother of William T. Sowers, deceased, and was the person named as beneficiary in the policy of insurance Exhibit B (No. 4370676) as originally issued. It is agreed that the facts under which the rights of the parties in this cause are to be determined are identical with those in the cause of *Ellis, Trustee, v. Fidelity & Casualty Company of New York,* No. 20,990 Law, except the names of the plaintiff and intervener and the number of the policy; and that the questions for determination are identical with those in the cause of *Ellis, Trustee, v. Fidelity & Casualty Company of New York* (20,990 Law); and that the court may enter judgment in this cause for the plaintiff, intervener, or defendant in accordance with the findings of fact and conclusions of law in the case of *L. E. Ellis, Trustee, v. Fidelity & Casualty Company of New York,* No. 20,990 Law, in the district court of Iowa in and for Polk county. The facts so stipulated are as follows: Defendant is a corporation organized under the laws of the state of New York, and engaged in the business of selling accident insurance policies, and licensed to do such business in the state of Iowa. That William T. Sowers, then being a resident of the city of Des Moines, Iowa, applied to the defendant at Des Moines, Iowa, for a policy of accident insurance, and, upon the application so made, the defendant,

the Fidelity & Casualty Company of New York, delivered to the said Sowers at Des Moines, Iowa, a policy of accident insurance, being No. 4370676, and that Exhibit B identified by the reporter and offered and admitted in evidence is such policy. That the said William T. Sowers paid to the defendant a premium of $25 in consideration of the issuance and delivery to him of such policy. That on the 7th day of October, 1911, the said William T. Sowers sustained an injury, which injury directly produced his death on the 9th day of October, 1911, at 1 o'clock a. m. of said day. That the injury so received by the said William T. Sowers was accidental within the meaning of the terms and conditions of the policy Exhibit B. That prior to the death of the said William T. Sowers a surgical operation was performed upon him for the reduction of a fracture of the thigh, which fracture was accidentally received, within the terms and conditions of the contract Exhibit B, which fracture was one of the injuries above referred to. That on the 8th day of October, 1911, and at 3 :30 p. m. of said day, said William T. Sowers executed his last will and testament, which was duly admitted to probate by an order of the district court of Iowa in and for Polk county on the 4th day of November, 1911, and that Exhibit A so marked by the reporter and now offered in evidence is such will. That Robert L. Dutton is a general agent of the defendant residing in the city of St. Louis, Mo., and that at the time of the injury and death of said William T. Sowers the state of Iowa was within the jurisdiction of such agent. That on the 10th day of October, 1911, there was mailed to and received by the said Robert L. Dutton, a letter, a true copy of which is marked by the reporter "Exhibit C," which is offered in evidence. That Exhibit D, so identified by the reporter and now offered in evidence, is a reply to such letter Exhibit C by the said Robert L. Dutton. That Exhibit E, so identified by the reporter, is a true copy of the letter dated October 12, 1911, addressed to and received by the defendant company in its office in New York City, N. Y., and now offered in evidence. That Exhibit F, so identified by the reporter, is the original of a letter from the defendant, dated October 17, 1911, and now offered in evidence, and being a reply to Exhibit E. That on October 28, 1911, the defendant received at its office in New York City notice of claim and proofs of death under policy Exhibit B issued to William T. Sowers, and that the defendant accepted

such claim and proofs of death by letter, which original letter is marked by the reporter "Exhibit G," which is now offered in evidence. Notice and proofs of death were also made by intervener in due time and received by defendant company without objection. That on October 28, 1911, the defendant refused to pay the proceeds of the policy Exhibit B to the plaintiff. It is agreed that this action is not prematurely brought. There is no question raised as to the form or fact of proofs of death, and it is admitted that they were made within time.

In the second case, in which the trustee named in the will is plaintiff, a stipulation of facts was also made not differing in any essential respect from the one above quoted. The trial court construed the insurance contract in accord with the contention of the defendant and interveners. The correctness of that conclusion is the controlling question presented by the appeal.

It is, of course, quite well settled that the insurer may by appropriate stipulation or condition expressed in the policy prescribe or regulate the method of changing beneficiaries, and, ordinarily at least, an attempt to make such change or substitution in any other manner is ineffectual. *Stephenson v. Stephenson,* 64 Iowa, 534; *Woodmen v. Little,* 114 Iowa, 109.

1. INSURANCE: change of beneficiary.

It is also well settled that, where the policy reserves to the insured the right to change his beneficiary, the person named as such in the policy acquires no vested right therein or in the insurance which it represents, and so far as he or she is concerned the insured may make a substitution at will. *Carpenter v. Knapp,* 101 Iowa, 729.

2. SAME.

The policy in suit expressly provides (article 20) that: "The consent of the beneficiary shall not be requisite to a surrender or to an assignment of this policy, or to a change of beneficiary, or to any other change in the policy. No assignment of interest under this policy shall bind the company unless the written consent of the company is indorsed hereon by the pres-

3. SAME: construction of policy.

ident, the vice president or one of the secretaries of the company.'' It follows therefore that the intervener in neither case had any vested interest in the insurance during the lifetime of the deceased, and that the change or substitution of beneficiaries by him must be held effectual unless we are required to hold that the consent of the defendant company was essential thereto. It may be conceded that such consent is essential if the contract provides for it. If there is any such restriction in the contract in suit, it is to be found in article 20, which we have just quoted, or in article 22, which, as we have seen, stipulates that: ''No erasure or change appearing on this policy as originally printed, and no change or waiver of any of its terms or conditions or statements, whether made before or after the date of this policy, shall be valid unless set forth in an indorsement added hereto and signed by the president, the vice president, or one of the secretaries of the company,'' etc.

Referring first to the last-quoted article, we think it very clear that it has no application to the case before us. It does no more than to provide that no change in the printed form of the policy nor any change or waiver of its conditions shall be of any validity unless witnessed in the manner therein described. But plaintiff's claim is not based upon any erasure or change in the printed form or terms of the policy, but upon the construction of the contract as written or printed in that instrument. If, as is claimed, the insured may under the terms of that contract name a new beneficiary to receive the insurance thereby provided, the obligation of the insurer to pay it over to the person so named, though not specifically expressed, is as much a term of the contract as though it had been written out in full, and its enforcement involves no ''erasure, change or waiver'' of any term or condition of the policy. We therefore have to inquire as to the effect of article 20. Reading it, we find that it provides first that the consent of the beneficiary shall not be required for a surrender of the policy or its assignment or for a change of the beneficiary

thereof.   It then proceeds to say that "no assignment of interest under this policy shall bind the company" except upon its written consent.   Having just mentioned both the assignment of a policy and a change of its beneficiary as distinct acts to which the assent of the beneficiary was not requisite, and following this in the same connection with a declaration that the company's assent was requisite to a valid assignment of any interest under the policy, it would seem to follow, according to familiar rules of interpretation and construction, that the inclusion of the one within the expressed prohibition is an exclusion of the other.   If it had been intended to condition a change of beneficiaries upon the consent of the insurer, it was the easy and natural thing, when the subject of such change was under consideration, to say so in express terms, and not leave it to implication or doubtful construction.

It may be conceded for the purposes of this case that ordinarily the reasons for allowing the member of a mutual benefit association to change the beneficiary of his certificate are not so manifestly applicable to the holder of an ordinary policy of life insurance.   So far as that question arises in this case, the difference between them is in the fact that the latter rarely makes any provision for change of beneficiaries at the instance of the person insured, while the former usually does so provide.   In the former the beneficiary at once acquires a vested right in the benefits of the contract, while in the latter he does not.   But if a company doing business on the level premium plan, as does the defendant in this case, sees fit to issue a policy which recognizes the right of the insured to change his beneficiary without the consent of the person first named as such, then we see no reason why it should not be governed by the same rules which obtain in the construction and application of similar provisions in beneficiary certificates.   It is laid down by Cooley, in his Briefs on Insurance, vol. 4, page 3762, that, where the right to change the beneficiary is reserved, the member may exercise that right at will without the consent of the original beneficiary and subject only to the rules or condi-

tions imposed by the insurer. Such also is substantially our own holding in the *Carpenter* case, *supra,* and still more directly in *Brinsmaid v. Association,* 152 Iowa, 137. In the latter case neither the rules of the association nor the terms of the policy provided any restrictions upon the change or substitution of beneficiaries, and we said that in such case ''the assured, in the absence of any statute to the contrary, had the right to make such change during life.'' In that case, as in this, the change was made by will, and the legatee was held entitled to recover on the policy. In discussing the effect of failure of the company to require notice or the procurement of its consent as a condition precedent, it was there said to be optional with the company whether its consent to such change shall be required. After thus stating the rule, the opinion proceeds as follows: ''Possibly, as suggested by the appellants, such notice might be conducive to the orderly transaction of business. On the other hand, it would be a limitation on the freedom of the member in disposing of the benefit to be derived from his contract, and we know of no reason for insisting on the association exacting such notice when by failing to require it in its by-laws a contrary wish has been evidenced. Neither notice to the association nor its consent thereto was essential to the change of beneficiaries.'' That ruling finds ample support in *Hirschl v. Clark,* 81 Iowa, 200, which involved a contest between the original beneficiary and one whom the insured had in writing named or substituted in her place. The writing was sent to the association, but was not received until after the death of the member. The contract in terms recognized the right to name a new beneficiary, but did not prescribe notice to or consent by the company as essential to such change, and we there said of such substitution: ''It is not a new contract between the insurer and the insured. If the association receives notice of the change in the beneficiary before it has been in any way prejudiced, it would seem it would be bound to obey the direction.''

It appears therefore to be a well-established rule that,

where the insurance contract recognizes the right of the insured to change his beneficiary, the exercise of that right is subject to no condition except such as is expressed or necessarily to be implied from the terms of the contract itself and where no conditions are so imposed, and the insured person declares in any appropriate manner the change he desires to make, neither the original beneficiary nor the insurer suffers any legal wrong, and the courts will recognize the change as having been effectually accomplished. Whether such change may be made in any other manner than in writing we need not here consider or decide. That it may be accomplished by a duly executed will we decided in the *Brinsmaid* case, and we see no reason for receding from that conclusion.

As we have before said, the contract does not prescribe any condition precedent to a change of beneficiaries. It does prescribe such a condition to an "assignment of any interest under this policy," and counsel argue that the word "assignment," as here employed, should be construed as equivalent to or inclusive of a "change of beneficiaries." This we think cannot be done without violence to the language of the contract. The substitution of a new payee is in no proper sense an assignment of the contract or of "any interest under" it. Strictly speaking, no person can "assign" an insurance policy except the person holding a beneficial interest therein. It is quite conceivable that the beneficiary named in a policy may assume to assign or transfer the same to another, and upon the death of the insured the insurer may be confronted with a demand for payment of the benefits to such assignee or transferee. It is also conceivable that the insured may by assignment attempt to vest in some third person dominion and control over the policy, thereby surrendering or losing his right to make a change of beneficiaries. Again, it is to be noted that the policy in this case not only provides for death benefits payable to the named beneficiary, but also for disability benefits payable to the insured himself when he sustains an injury which is not fatal. To this ex-

tent he is himself the beneficial owner of the policy, it is his
property, and in the absence of any stipulation to the con-
trary could assign it. It is to provide against such complica-
tions, we may presume, that the provision requiring the com-
pany's consent to an assignment was made. There is no ne-
cessity therefore, in order to give such provision an intelligible
meaning, that we should hold it to include a change of benefi-
ciaries. By such change the insured does not sell or assign
or dispose of any fund or property or property right of his
own, but simply avails himself of his contract right to in-
dicate to whom the death benefits of his insurance shall be
paid. That the restriction upon the assignment of a policy
is not a restriction upon the right to change a beneficiary is
also ruled by the decision in the *Carpenter* case.

Our attention is called by the appellees to the fact that
this policy provides a measure of insurance not only to the in-
sured person but also to the beneficiary as well, and therefore a

4. SAME: change
of beneficiary.

change of beneficiaries without its consent
would be hazardous to the insurer. The
policy provision here referred to is to the effect that if but
one person is named as beneficiary, and such person is more
than sixteen and less than sixty years of age and in sound con-
dition mentally and physically, the company insures such per-
son against certain classes or kinds of bodily injury. No
application is required to be made by such beneficiary, no
medical examination demanded, and no warranties or repre-
sentations exacted. The insurance so given has no independ-
ent consideration and is provided as a mere incident to the
principal contract. If the beneficiary named by the insured
is within the age limits and of general soundness of body and
mind, these collateral or additional benefits attach in his
or her favor; otherwise they do not attach. No restriction
is placed upon the insured with respect to the age or con-
dition of health of the person he selects as beneficiary, and
his choice is not subject to the ratifiation or approval of
the insurer. If his selection be of one within the description,

the additional benefits do attach; and, if it is of one not within the description, they do not attach, but the principal benefits which the company undertake to pay the beneficiary are neither greater nor less in either case. The risk, if any, which the insurer bears, is only what it contracted to bear when it recognized the right of the insurer to change his beneficiary and by failing to impose any condition precedent thereto left him free to execute it at will. We find in this part of the contract no reason for modifying the views we have already expressed.

In this holding we do not, as appellees contend, set aside any well-defined principle of contract or put any interpretation upon its terms which we may not reasonably presume the parties thereto contemplated. They had at their command the great vocabulary of the English language from which to select words which would clearly express any desired restriction upon the right to make a change of beneficiaries had they cared to impose any. The policy was doubtless prepared and framed by expert insurers and learned counsel who spared neither skill nor pains in making choice of terms appropriate to the clear expression of any desired contract obligation. If the consent of the company to the choice of a new beneficiary was deemed of any importance, no good reason can be suggested why they did not say so. Instead of the court being required to make a new contract for the parties in order to hold the change of beneficiary effective, it is the appellees who ask us to read into the contract conditions which are not there expressed in order to make the change ineffectual and defeat the purposes of the deceased as expressed in his will.

It is conceded by counsel for the company that, where the contract is silent as to the method or mode of changing the beneficiary, "then the act on the part of assured that signifies an intention so to do will be binding." In this the court fully agrees, and, as we find the contract is silent in this respect, it follows that the will of the deceased operated to effect the

5   Same: change of beneficiary by will.

change, and that the court below erred in denying the plaintiffs a recovery. The judgment below is therefore in each case reversed, and the causes will be remanded for the entry of judgment in harmony with this opinion.—*Reversed.*

DEEMER, LADD, and PRESTON, JJ., concur.