FLORINDA PAGLIUCA, as Administrator, etc., of CANIO RABASCÒ, Deceased, Appellant, *v.* ITALIAN BARBERS' BENEVOLENT SOCIETY OF NEW YORK, Respondent.

First Department, February 1, 1918.

**Insurance — benevolent society — right of next of kin of decedent under by-laws to maintain action for death benefit.**

A provision of the by-laws of a benevolent society that for the death of any effective member it would " pay to the widow, family or legal heirs, or to whom the member shall direct in his last will and testament or by a written declaration previously made," a certain sum, does not exclude the next of kin in case the insured left no widow or children from maintaining an action for a death benefit.

An action to recover for the death of a member of such a society may be maintained by the administrator of the decedent in behalf of the next of kin.

APPEAL by the plaintiff, Florinda Pagliuca, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of July, 1917, upon a dismissal of the complaint by direction of the court at the close of the case, both sides having moved for the direction of a verdict. An appeal is also taken from the order of the court dismissing the complaint.

*Abraham Snydecker* of counsel [*Marx & Snydecker*, attorneys], for the appellant.

*Antonio Ferme*, for the respondent.

Shearn, J.:

This action was brought by the plaintiff, as administrator of the goods, etc., of Canio Rabasco, deceased, to recover of the defendant a death benefit as provided by its by-laws. The deceased became a member in January, 1916, paying his dues for that month and the ensuing three months. He died on July 21, 1916. Although he had failed to pay dues, etc., thereafter no registered notice or letter was at any time sent to him requesting payment as provided by article 25 of chapter 4 of the by-laws and no resolution was at any time passed expelling or suspending him from membership. The family of the deceased consisted of his father, mother, brothers and sisters who are in Italy. He left no widow or children. The complaint was dismissed upon the ground that deceased having left no widow or children, his next of kin were not entitled to the death benefit and upon the further ground that the appellant was not the proper party to maintain the action.

The first question is whether the policy contemplates the payment of a death benefit to the next of kin in the event of the member leaving no widow or children. Chapter 1 under the title " Title and Scope " provides in article 24: " For the death of any effective member of this Association who is in order with the administration of all his taxes and monthly dues ninety days after the decease date, the C. C. (central council) shall pay to the widow, family, or legal heirs, or to whom the member shall direct in his last will and testament or by a written declaration previously made and sent to the same C. C. (central council), the sum of One Dollar for so many effective members then in order with the administration of all his taxes and monthly contributions." It is quite clear that there was no intention to limit the benefit to the widow and children in view of the agreement to pay as directed by the will or written declaration of the decedent.

Neither does the term " legal heirs " embrace only the children. In *Pfeifer* v. *Supreme Lodge Bohemian S. B. Society* (173 N. Y. 418) the death benefit was payable to the " heirs " of the deceased. The court held that the word " heirs " was " not used in its strictly technical sense as representing persons entitled to inherit real estate, but rather as indicating the

next of kin," and that the word " heirs " " is equivalent to next of kin in this connection." The trial court, therefore, erred in holding that it was intended by this provision of the by-laws to exclude next of kin in case the insured left no widow or children.

The next question involves the right of the plaintiff to maintain the action. We agree with the trial justice that the cases of *Janda* v. *B. R. C. U.* (71 App. Div. 150) and *Bishop* v. *G. L. E. O. of M. A.* (112 N. Y. 627), both of which cases sustained the right of the administratrix to maintain the action, are not decisive of the question here, for in each of those cases the administratrix was the widow and had a sufficient interest in the fund to sustain the action. The *Pfeifer Case* (*supra*), however, is an authority upholding the plaintiff's right to maintain this action. In that case the plaintiff was a niece of one of the next of kin, that is to say, was a daughter of the deceased's sister. The Court of Appeals held that the plaintiff as administratrix was a *quasi* trustee for the next of kin who were represented by the word " heirs." It is true that on a subsequent trial of this case it appeared that the plaintiff had an assignment of her mother's interest, which would be sufficient to bring the case within the *Janda* and *Bishop* cases, but this fact did not appear in the case when the Court of Appeals sustained the right to maintain the action. The court, therefore, erred in holding that the plaintiff was not entitled to maintain the action.

The respondent, however, contends that in no event can there be a recovery because the deceased was not a member for the period of one year and was not in good standing at the time of his death. The validity of this contention depends upon the true construction of the defendant's constitution and by-laws, which are written in the Italian language. Two radically different translations were submitted to the court, but there was no proof by an official interpreter or otherwise which would enable the court to determine which was correct or whether either one was correct. We are, therefore, not in a position to pass upon the respondent's construction of the by-laws so as to do full justice to both parties. Upon the retrial of this case, the entire constitution and by-laws should be introduced in evidence and the correct translation thereof

should be established. It may also be possible to adduce competent evidence of the practical construction thereof by the defendant and the insured during the latter's period of membership.

The judgment is reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.