Elizabeth N. Cronin
vs.
Metropolitan Life
Insurance Co.
} Eq. No. 7455

February 28, 1929.

TANNER, P. J. This is a bill in equity brought for the purpose of enforcing an equitable lien on the proceeds of a life insurance policy issued to the son of the complainant and in which the complainant was originally made the beneficiary.

The complainant testified that her son took out the insurance, making her the beneficiary in the policy; that he was a young man, living at home, and he brought the policy home; that his father was unwilling to have said policy issued because he felt that the family could not afford the expense; that the son appealed to his mother, told her that it was a good thing and she, having property of her own, agreed and said that she would keep it; that she took the policy, kept possession of it thereafter and herself paid all the insurance premiums during the ten years of the subsequent life of her son; that she also subsequently endorsed a note for $2,400 for her son and on asking for security was told by him that she had his policy, and she thereupon said, "All right," and made the endorsement; that a few days before making this endorsement, her son, without her knowledge and consent, changed the beneficiary in the policy to the name of his wife that the complainant was obliged to and did pay the amount of the note; that when the son died the complainant, through her attorney, notified the insurance company of her claim to the proceeds of said policy both on account of having paid all the premiums and having endorsed and paid the note; that three

months afterwards the insurance company paid the proceeds of the policy to the second beneficiary with notice of the claims of the complainant.

We think it may be reasonably inferred from the evidence that the complainant paid the premiums upon the policy and also endorsed the note upon the security of the policy, and we so find.

The respondent company defends against the claim of the complainant, first upon the ground that the complainant had, at most, an equitable assignment of the policy and that she had not notified the company of said assignment and obtained their consent to it in accordance with the rules of the company.

We think, however, that it is well established that a beneficiary who pays premiums or loans money upon the security of the policy acquires a vested right in the policy and that the insured can not thereafter change the beneficiary so as to defeat the vested rights of the first beneficiary.

7th Cooley's Briefs on Insurance, p. 6432 et seq. 2nd ed.

In the numerous cases which establish this principle, we find no suggestion that a beneficiary acquiring vested rights is obliged to notify the insurance company and obtain their consent. A third person, not a beneficiary, paying premiums or loaning money on the security of a policy may be obliged to notify the company and obtain their consent as in the case of an assignment; but the cases do not require this of a beneficiary. A beneficiary is already known to the company as being entitled to the proceeds of the policy and it seems to be only necessary that they should notify the company of their vested rights as beneficiary before the company pays to anybody else.

Some of the cases hold that such a beneficiary does not have vested rights but simply equitable rights. We doubt very much if such a beneficiary can be considered as an assignee of the policy so as to be subject to a rule of the company giving notice of the assignment. Such a rule is solely for the benefit of the company and they have had notice of the name of the beneficiary and are entitled under the general rules of law to notice of equitable rights in time to prevent them from suffering any loss. In this case it is admitted that the second beneficiary was a mere volunteer without equitable rights which could be set up against the complainant.

We therefore think that the complainant in the case is entitled to recover the full amount of the proceeds of said policy from the insurance company which it paid to the second beneficiary in disregard of the notice of the complainant's rights, without having availed itself of the opportunity to file a bill of interpleader to determine the rightful owner of the proceeds.

The second claim of the respondent is that the complainant has been guilty of laches which should prevent her recovery.

We see no basis for this claim. The insurance company was promptly notified, before paying, of the rights of the complainant. It took no means to ascertain the rights of the complainant and in three months paid to another claimant. The fact that the complainant waited two or three years before bringing suit does not establish laches.

A restriction upon the right to assign a policy is no restriction on the right to change the beneficiary.

*Townsend* vs. *Fidelity & Casualty Company*, 163 Iowa, 713 at page 723.

If there is no restriction on the right to change a beneficiary there ought not to be a restriction on the right to appoint one on the issuance of a policy.

For complainant: James H. Richard, Jr.

For respondent: Tillinghast & Lynch, D. H. Morrissey.